[No. S137238. Mar. 15, 2007.]

KEITH ALAN, Plaintiff and Appellant, v.
AMERICAN HONDA MOTOR CO., INC., Defendant and Respondent.

## Counsel

The Law Offices of John A. Schlaff and John A. Schlaff for Plaintiff and Appellant.

Michelman & Robinson, Carol Boyd, Larry Nathenson; Neumeyer & Boyd, Katherine Tatikian; Sonnett & Associates, Anthony E. Sonnett, Jocelyn A. Julian; Yukevich & Sonnett and Stephanie A. Hingle for Defendant and Respondent.

Jay-Allen Eisen; Dennis A. Fischer; Paul D. Fogel; Steven L. Mayer; Robert Olson; Douglas R. Young; Lascher & Lascher and Wendy Cole Lascher for California Academy of Appellate Lawyers as Amicus Curiae.

OPINION

**WERDEGAR, J.**—We granted review to decide whether the Court of Appeal properly dismissed as untimely an appeal from an order denying class certification. In dismissing, the Court of Appeal concluded the notice of appeal was untimely because certain documents the superior court had mailed to the parties to inform them of its order satisfied rule 8.104(a)(1)[1] of the California Rules of Court[2] and, thus, commenced the 60-day period specified in the rule for filing a notice of appeal. We hold, to the contrary, that the documents in question did not satisfy the rule and that the notice was timely filed.

## I. BACKGROUND

Plaintiff and appellant Keith Alan filed this action against defendant and respondent American Honda Motor Co., Inc. (Honda). Alan alleged that Honda, beginning in the mid-1980's, sold vehicles with timing belts that required costly, periodic replacement to prevent catastrophic engine, power steering and power brake failure, but prevented buyers from learning about the required maintenance through various misrepresentations and omissions. Alan purported to sue on behalf of all past and present owners of vehicles manufactured by Honda with timing belts, including certain Acura vehicles. He attempted to state claims under the unfair competition and false advertising laws (Bus. & Prof. Code, §§ 17200 et seq., 17500 et seq.) as well as the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.).

During pretrial discovery, the superior court concluded the proposed class was unmanageably large and invited the parties to limit the case to specific vehicle models and model years. The court's invitation led to a stipulated order that, while the case was pending, the statute of limitations would be tolled for all claims concerning vehicles other than Acura Integras manufactured from 1986 to 1993. Alan subsequently moved to certify a nationwide class consisting of "all individuals who now own, or have ever owned, any one or more of the Subject Vehicles"—a term defined in the operative complaint as all vehicles made by Honda with timing belts. The superior court denied the motion, reasoning that common issues did not predominate

---

[1] Former rule 2 of the California Rules of Court was renumbered rule 8.104 and amended, effective January 1, 2007. The operative language of former rule 2 was not changed. For clarity's sake, we refer throughout this opinion to the current version of the rule.

[2] All further references to rules are to the California Rules of Court.

because each purported class member would need to offer individual proof of detrimental reliance on the alleged misrepresentations and omissions in order to obtain damages.

■ The ultimate question before us is whether Alan timely filed his notice of appeal from the superior court's order denying class certification. The matter is governed by rule 8.104(a), which provides as follows: "Unless a statute or rule 8.108[3] provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (1) 60 days after the superior court clerk mails the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was mailed; [¶] (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (3) 180 days after entry of judgment." The term "judgment," for purposes of rule 8.104(a), includes an appealable order. (Rule 8.104(f).)

Timeliness is at issue in this case because of the idiosyncratic manner in which the superior court informed the parties of its order denying class certification. On January 2, 2003, the superior court clerk mailed to the parties in a single envelope two documents, neither of which unambiguously satisfied rule 8.104(a)(1). The first document mailed by the clerk is entitled "STATEMENT OF DECISION RE: ALAN'S MOTION FOR CLASS CER- TIFICATION," and sets out the court's reasons for denying the motion. The statement of decision bears the superior court's file stamp and concludes with the sentence, "Alan's motion for Class Certification is Denied." The second document mailed by the clerk, a minute order, is entitled "RULING ON SUBMITTED MATTER/MOTION FOR CLASS CERTIFICATION." The order states, "The Court, having heard argument in this Motion, and read and considered the papers, now issues its . . . 'Statement of Decision Re: Alan's Motion for Class Certification' this date. [¶] Copies of this minute order and the Statement of Decision are sent via U.S. Mail on January 2, 2003 to counsel of record in envelopes addressed as follows." The names and addresses of counsel of record follow. In the margin at the bottom of the page is the notation, "Page 1 of 1 DEPT. 323." The minute order bears the typed or printed notation, "MINUTES ENTERED 01/02/03 COUNTY CLERK," but is not file stamped. The parties disagree on whether these documents satisfied rule 8.104(a)(1). Honda contends they did. Alan maintains they did not.

---

[3] Former rule 3 was renumbered rule 8.108 and amended, effective January 1, 2007.

On January 21, 2003, 19 days after the superior court clerk mailed the documents just described, Honda filed and served on Alan a document entitled "NOTICE OF ENTRY OF ORDER AND STATEMENT OF DECISION DENYING CLASS CERTIFICATION," attaching copies of the January 2 minute order and statement of decision. The parties agree that Honda's "Notice of Entry" satisfied rule 8.104(a)(2).

Alan filed his notice of appeal on March 6, 2003—63 days after the superior court mailed to the parties copies of its statement of decision and minute order, and 44 days after Honda mailed its own "Notice of Entry" of the court's ruling. Accordingly, if the documents mailed by the superior court clerk satisfied rule 8.104(a)(1), then Alan's notice of appeal was late. Alternatively, if those documents did not satisfy that rule, then rule 8.104(a)(2) governs and Alan's notice was timely.

Honda moved to dismiss Alan's appeal on the ground that rule 8.104(a)(1) governed and that his notice of appeal was therefore untimely. The Court of Appeal granted the motion and thus did not reach the merits of the appeal. In its opinion explaining the dismissal, the court addressed two issues. First, the court held the superior court's order denying the motion for class certification was immediately appealable under the so-called death knell doctrine because it had the effect of dismissing the action as to all members of the purported class other than the plaintiff. (*Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470 [174 Cal.Rptr. 515, 629 P.2d 23]; *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699 [63 Cal.Rptr. 724, 433 P.2d 732]; *Stephen v. Enterprise Rent-A-Car* (1991) 235 Cal.App.3d 806, 811 [1 Cal.Rptr.2d 130].) The court rejected Alan's arguments to the contrary. Second, the court concluded Alan's notice of appeal was indeed untimely. On this point, Alan argued that neither of the alternative documents required by rule 8.104(a)(1)—neither "a document entitled 'Notice of Entry' " (*ibid.*) nor "a file-stamped copy of the judgment"—existed. Rejecting Alan's argument, the court reasoned that the minute order could be read together with the statement of decision to satisfy the rule. In the court's words, "[t]he January 2, 2003, order showed the date it was mailed, and included a file-stamped copy of a five-page statement of decision signed by the trial court." The court also rejected Alan's further argument that rule 8.104(a)(1), both in its plain language and as explained by the advisory committee, requires a single document that satisfies all of the rule's conditions without reference to other documents.

In his petition for review, Alan raised both of the points the Court of Appeal addressed in its opinion. In granting review, however, we limited "[t]he issue to be briefed and argued . . . to whether the Statement of Decision and Minute Order dated January 2, 2003 trigger the 60-day period

within which to notice an appeal under California Rules of Court, rule [8.104](a)(1)." We thus do not review the Court of Appeal's conclusion that the order denying class certification was immediately appealable.

## II. DISCUSSION

 . Rule 8.104(a)(1), which prescribes how a superior court clerk properly gives notice of a judgment or appealable order, has a limited function in California appellate procedure. In most cases, the rule does not apply because the Code of Civil Procedure requires not the clerk but "*the party* submitting an order or judgment for entry" to mail notice of entry. (Code Civ. Proc., § 664.5, subd. (a), italics added.) *Parties* give notice not under rule 8.104(a)(1), but under rule 8.104(a)(2), as did Honda in the case before us. The *clerk* is required to give notice only in designated family law matters (Code Civ. Proc., § 664.5, subd. (a); rule 5.134), in cases in which a prevailing party is not represented by counsel (Code Civ. Proc., § 664.5, subd. (b)), and upon specific order of the court (*id.*, § 664.5, subd. (d)). The clerk was required to give notice in this case only because the court had so ordered in taking the motion for class certification under submission. In those family law proceedings in which the clerk must always give notice, rule 5.134 requires the clerk to use a Judicial Council form (FL-190) specifically drafted to ensure compliance with rule 8.104(a)(1). Obviously, problems are more likely to occur when no approved form of notice is available.

This case, in which no approved form of notice was available, reveals an ambiguity in rule 8.104(a)(1). The rule refers to "*a document* entitled 'Notice of Entry' of judgment *or a file-stamped copy* of the judgment,[4] showing the date either was mailed." (Rule 8.104(a)(1), italics added.) The reference to "a document . . . or a file-stamped copy of the judgment" appears to contemplate a single document that itself shows the date on which it was mailed and, thus, satisfies all of the rule's requirements without reference to other documents. This initial clarity is obscured, however, by subdivision (a)(1)'s final participial phrase—"showing the date either was mailed . . . ." (*Ibid.*) If that phrase modifies the immediately preceding, alternative nominal phrases—"a document entitled 'Notice of Entry' of judgment" and "a file-stamped copy of the judgment"—the interpretation suggested above is correct: rule 8.104(a)(1) requires a single document, sufficient in itself to satisfy the rule's conditions. Alternatively, if the final participial phrase modifies the noun "clerk" that appears earlier in the sentence, then the rule demands only that the clerk show in some manner—and not necessarily on the face of the "Notice of Entry" or appealable order—the date on which he or she mailed that

---

[4] Again, for present purposes, the term " 'judgment' includes an appealable order if the appeal is from an appealable order." (Rule 8.104(f).)

document. The Judicial Council form (FL-190) that clerks must use in family law proceedings (rule 5.134, subd. (a)) avoids the ambiguity in rule 8.104(a)(1) by bearing the title, "Notice of Entry of Judgment," and by including at the bottom of its single page a form for the clerk's certificate of mailing.

Alan, who takes the position that rule 8.104(a)(1) requires a single, self-sufficient document, contends that no such document exists in this case. First, as he correctly observes, there exists in this case no "document entitled 'Notice of Entry' . . ." (*ibid.*). Furthermore, the minute order, while arguably "showing the date [it] was mailed" (rule 8.104(a)(1)), was not "file-stamped" (*ibid.*). Honda, in opposition, argues that rule 8.104(a)(1) does not require a single, self-sufficient document, and may also be satisfied by combining various documents. To apply that proposition to this case, Honda would have us treat the file-stamped statement of decision, rather than the minute order, as the appealable order, and would have us treat the subsequent minute order as showing the date on which the statement of decision was mailed.

■ We consider first the question of which document—the statement of decision or the minute order—is the appealable order in this case. The general rule is that a statement or memorandum of decision is not appealable. (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 357 [165 Cal.Rptr. 787, 612 P.2d 877]; *In re Marriage of Biddle* (1997) 52 Cal.App.4th 396, 398, fn. 1 [60 Cal.Rptr.2d 569]; *Industrial Indemnity Co. v. City and County of San Francisco* (1990) 218 Cal.App.3d 999, 1003, fn. 3 [267 Cal.Rptr. 445].) The rule's practical justification is that courts typically embody their final rulings not in statements of decision but in orders or judgments. Reviewing courts have discretion to treat statements of decision as appealable when they must, as when a statement of decision is signed and filed and does, in fact, constitute the court's final decision on the merits. (*Estate of Lock* (1981) 122 Cal.App.3d 892, 896 [176 Cal.Rptr. 358]; cf. *Native Sun/Lyon Communities v. City of Escondido* (1993) 15 Cal.App.4th 892, 896, fn. 1 [19 Cal.Rptr.2d 344].) But a statement of decision is not treated as appealable when a formal order or judgment does follow, as in this case. (*Grossman v. Davis* (1994) 28 Cal.App.4th 1833, 1836, fn. 1 [34 Cal.Rptr.2d 355]; *Industrial Indemnity Co. v. City and County of San Francisco, supra,* at p. 1003, fn. 3.) Certainly the desire to cut off a litigant's right to appeal cannot justify creating an exception to the general rule. Such an exception would directly contravene "the well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases 'when such can be accomplished without doing violence to applicable rules.' " (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349], quoting *Slawinski v. Mocettini* (1965) 63 Cal.2d 70, 72 [45 Cal.Rptr. 15, 403 P.2d 143].)

This conclusion would dispose of the present case. Because no "document entitled 'Notice of Entry' " (rule 8.104(a)(1)) exists, the clerk's mailing cannot have triggered the 60-day period for noticing an appeal unless it contained "a file-stamped copy of the judgment" (*ibid.*) or appealable order (rule 8.104(f)). But the clerk's mailing contained no such document. While it did contain a copy of the appealable minute order, that order is not file stamped. The typed or printed notation that appears at the bottom of that order—"MINUTES ENTERED 01/02/03 COUNTY CLERK"—is not a file stamp. (*In re Marriage of Taschen* (2005) 134 Cal.App.4th 681, 686 [36 Cal.Rptr.3d 286].) Accordingly, the clerk's mailing did not satisfy rule 8.104(a)(1), and Alan's notice of appeal was timely filed under rule 8.104(a)(2).

Nevertheless, our order specifying the issue in this case also fairly includes the question whether rule 8.104(a)(1) requires a single, self-sufficient document that satisfies all the rule's conditions. The parties have briefed this issue, its resolution offers an alternative basis for our decision in this case, and it has importance for future cases. We therefore address it.

■ The ordinary principles of statutory construction govern our interpretation of the California Rules of Court. (*Crespin v. Shewry* (2004) 125 Cal.App.4th 259, 265 [22 Cal.Rptr.3d 696]; *Life v. County of Los Angeles* (1990) 218 Cal.App.3d 1287, 1296 [267 Cal.Rptr. 557].) Our objective is to determine the drafter's intent. If the rule's language is clear and unambiguous, it governs. (*Crespin v. Shewry, supra*, at p. 265.) Experience teaches, however, that unforeseen ambiguities can and do come to light despite the drafters' considered efforts to avoid them. In such cases, courts may consult appropriate extrinsic sources to clarify the drafters' intent. (*Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 703 [114 Cal.Rptr.2d 541].) Certainly the advisory committee's official comments on the rules, which are intended for this purpose, may properly be consulted.

■ An additional principle of construction applies when courts are called upon to resolve ambiguities in rules that limit the right to appeal, such as rule 8.104(a)(1). In such cases we follow the well-established policy already mentioned, namely, that of "according [the] right [to appeal] in doubtful cases 'when such can be accomplished without doing violence to applicable rules.' " (*Hollister Convalescent Hosp., Inc. v. Rico, supra*, 15 Cal.3d 660, 674, quoting *Slawinski v. Mocettini, supra*, 63 Cal.2d 70, 72.) This principle has led courts interpreting rule 8.104(a)(1) and its predecessors to hold that documents mailed by the clerk do not trigger the 60-day period for filing a notice of appeal unless the documents strictly comply with the rule. "Because the time limits for filing a notice of appeal are jurisdictional, we must apply [former] rule 2(a)(1) . . . strictly and literally according to its terms; the rules

'must stand by themselves without embroidery.' " (*In re Marriage of Taschen, supra,* 134 Cal.App.4th 681, 686, quoting *20th Century Ins. Co. v. Superior Court* (1994) 28 Cal.App.4th 666, 672 [33 Cal.Rptr.2d 674]; see also *Sunset Millennium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 260 [41 Cal.Rptr.3d 273] ["Within reason, [former] rule 2 is read literally"].) Thus, courts have consistently held that the required "document entitled 'Notice of Entry' " (rule 8.104(a)(1)) must bear precisely that title, and that the "file-stamped copy of the judgment" (*ibid.*) must truly be file stamped. (E.g., *Sunset Millennium Associates, LLC v. Le Songe, LLC, supra,* at p. 260; *In re Marriage of Taschen, supra,* p. 686; *Cuenllas v. VRL International, Ltd.* (2001) 92 Cal.App.4th 1050, 1051, 1054 [112 Cal.Rptr.2d 383]; *20th Century Ins. Co. v. Superior Court, supra,* at pp. 671–672; *Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 210 [30 Cal.Rptr.2d 678].) For the same reason, the older rule that technical defects in a notice of entry of judgment are excusable unless they are so egregious as to preclude actual notice of entry (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 114 [95 Cal.Rptr.2d 113]) has not been applied to rule 8.104(a)(1) or its identically worded, immediate predecessor, former rule 2(a)(1) (as adopted, eff. Jan. 1, 2002). (See *Sunset Millennium Associates, LLC v. Le Songe, LLC, supra,* at p. 260, distinguishing *In re Marriage of Eben-King & King, supra,* at p. 114; cf. *20th Century Ins. Co. v. Superior Court, supra,* at p. 672 ["It might seem that the difference between a 'notice of ruling' and a 'notice of entry' is hypertechnical. In another context it might be."].)

To interpret rule 8.104(a)(1) as commencing the 60-day period for filing a notice of appeal only when the clerk has sent a single, self-sufficient document satisfying all of the rule's conditions does not do violence to the rule's language. (Cf. *Hollister Convalescent Hosp., Inc. v. Rico, supra,* 15 Cal.3d 660, 674; *Slawinski v. Mocettini, supra,* 63 Cal.2d 70, 72.) Indeed, this interpretation is the more literally correct. The plain language of the rule refers to "*a document* entitled 'Notice of Entry' of judgment or *a file-stamped copy* of the judgment, showing the date either was mailed . . . ." (Rule 8.104(a)(1), italics added.) The advisory committee's original official comment on the rule's identically worded predecessor appears to confirm that a single, self-sufficient document is required: "Under revised subdivision (a)(1), *a notice of entry of judgment (or a copy of the judgment) must show the date on which the clerk mailed the document,* analogously to the clerk's 'certificate of mailing' currently in use in many superior courts and required by certain Judicial Council forms (see, e.g., Form 1290 [Notice of Entry of Judgment in family law cases])." (Advisory Com. com. (2002) foll. rule 2, as adopted eff. Jan. 1, 2002, italics added.) The form to which the committee

referred, form 1290, is now designated FL-190 and, as noted above, satisfies rule 8.104(a)(1) by displaying the clerk's certificate of mailing at the bottom of the page.[5]

The only evident ambiguity in rule 8.104(a)(1), as noted above, arises from the possibility that the subdivision's final participial phrase, "showing the date either was mailed," might modify not the immediately preceding, alternative nominal phrases—"a document entitled 'Notice of Entry' " and "a file-stamped copy of the judgment"—but the more remote noun, "clerk," that appears earlier in the sentence. One would thus read the rule as if it provided as follows: "the superior court clerk[, showing the date either document was mailed,] mails the party filing the notice of appeal a document entitled 'Notice of Entry' . . . ." In general, however, participial phrases closely follow the nouns or nominal phrases they modify, precisely in order to avoid misplaced or dangling participles that generate confusion about what they might be intended to modify.[6] For this reason, the rule is most naturally read as requiring the clerk to mail a document that itself shows the date on which it was mailed.

The Court of Appeal, as mentioned, held to the contrary that rule 8.104(a)(1) permitted the clerk to use a separate document to show the date on which the "file-stamped copy of the judgment" (*ibid.*) was mailed. Applying this reasoning, the court concluded the minute order showed the date on which the clerk had mailed the statement of decision, which the court in turn erroneously treated as the appealable order. To permit a separate document to show the date of mailing, the court reasoned, was supported by rule 8.104(a)(2), which requires *a party* giving notice of entry of judgment to serve "a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, *accompanied by proof of service* . . . ." (Rule 8.104(a)(2), italics added.) The Court of Appeal thus read rule 8.104(a)(2) as if it constituted an interpretative gloss on rule 8.104(a)(1). This was erroneous. Rule 8.104(a)(2) shows only that the drafters knew how to require a separate document ("proof of service") when that was their intention. Nothing

---

[5] Alan's request for judicial notice of Judicial Council Forms, forms 1290, FL-190 and Adopt-215 is granted. (See Evid. Code, § 452, subd. (c) [permitting notice to be taken of the "[o]fficial acts of the . . . judicial departments . . . of any state of the United States"]; *Lewis v. Clarke* (2003) 108 Cal.App.4th 563, 570, fn. 3 [133 Cal.Rptr.2d 749].) The last form mentioned is an adoption order that includes, like forms 1290 and FL-190, a clerk's certificate of mailing.

[6] E.g., American Heritage Book of English Usage (Houghton Mifflin 1996) page 24 ("It is important to remember that readers will ordinarily associate a participle with the noun or noun phrase that is adjacent to it"); Garner, Modern American Usage (Oxford 2003) page 217 ("when the antecedent of a participle doesn't appear where it logically should, the participle is said to 'dangle' ").

in rule 8.104(a)(2) affects our conclusion that the different language of rule 8.104(a)(1) requires a single, self-sufficient document satisfying all the rule's conditions.

For these reasons, we conclude that rule 8.104(a)(1) does indeed require a single document—either a "Notice of Entry" so entitled or a file-stamped copy of the judgment or appealable order—that is sufficient in itself to satisfy all of the rule's conditions, including the requirement that the document itself show the date on which it was mailed. That having been said, we see no reason why the clerk could not satisfy the single-document requirement by attaching a certificate of mailing to the file-stamped judgment or appealable order, or to a document entitled "Notice of Entry." Obviously a document can have multiple pages. But the rule does not require litigants to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal. "Neither parties nor appellate courts should be required to speculate about jurisdictional time limits." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 64 [61 Cal.Rptr.2d 166, 931 P.2d 344].)

Honda contends the documents mailed by the clerk in this case could be viewed as a single document by treating the minute order as incorporating the statement of decision. The Court of Appeal suggested the same. But the minute order does not purport to incorporate the statement of decision. Instead, describing itself as "Page 1 of 1," the minute order declares only that the court "now issues its . . . 'STATEMENT OF DECISION RE: ALAN'S MOTION FOR CLASS CERTIFICATION' this date." Nor, if it mattered, does the clerk appear to have attached the two documents. Alan maintains he received two separate, unattached documents from the clerk, and Honda does not now argue to the contrary. In any event, none of the documents required by rule 8.104(a)(1) was included in the clerk's mailing; for the clerk to have attached the documents actually mailed would change nothing.

In conclusion, the documents mailed by the clerk in this case did not comply with rule 8.104(a)(1). No document entitled "Notice of Entry" exists. Nor is the appealable minute order, which arguably shows the date on which it was mailed, file stamped. Accordingly, the clerk's mailing of these documents did not commence the 60-day period for the filing of a notice of appeal. Instead, the relevant 60-day period began when Honda filed its own, proper notice of entry on January 17, 2003. Alan timely filed his notice of appeal on March 6, 2003, 44 days later. Thus, the Court of Appeal erred in dismissing Alan's appeal as untimely.

## III. DISPOSITION

The judgment of the Court of Appeal is reversed in part and remanded for further proceedings consistent with the views set forth herein.

George, C. J., Kennard, J., Baxter, J., Chin, J., Moreno, J., and Corrigan, J., concurred.