Filed 4/22/13  Marriage of Ainsworth CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re the Marriage of LISA MACKIN AINSWORTH and PATRICK AINSWORTH. | |
| LISA MACKIN AINSWORTH,<br><br>        Appellant,<br><br>v.<br><br>PATRICK AINSWORTH,<br><br>        Respondent. | A136019<br><br>(San Mateo County<br>Super. Ct. No. FAM091742) |

Lisa Mackin Ainsworth challenges the trial court's order granting her certain relief but declining to set aside various orders in this marital dissolution action.  Because Lisa's[1] notice of appeal was not timely filed, we lack jurisdiction to consider the merits of her appeal and therefore dismiss it.

I.
PROCEDURAL HISTORY AND
DISCUSSION

A judgment was entered in this action on March 17, 2009, ordering respondent Patrick Ainsworth to pay child and spousal support.  Lisa filed a motion in May 2010

---

**1** As is customary in marital dissolution cases, we refer to the parties by their first names for ease of reading and to avoid confusion, not out of disrespect.  (*In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, 1264, fn. 1.)

seeking to modify or set aside the support orders and to adjudicate certain omitted assets. She later filed a motion seeking to have a receiver appointed to take control of certain real property and investment accounts. A hearing was held on the motions on November 10, 2011, and January 19, 2012.[2] The trial court filed a tentative statement of decision on February 22.

The trial court filed its "Final Statement of Decision and Orders" on April 4. The court devoted 17 pages of thoughtful analysis to the various issues raised by the parties, and ruled in Lisa's favor on several of them. The court declined, however, to set aside a December 2008 order or the support provisions of the 2009 judgment based on fraud, as Lisa had urged.

The trial court's April 4 statement of decision concluded with the following sentence: "This final Statement of Decision shall also constitute the order of the court." Although a statement of decision generally is not appealable, this court must treat the trial court's April 4 order as such, because it "is signed and filed and does, in fact, constitute the court's final decision on the merits." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 901.) Indeed, Lisa represented in her civil case information statement filed in this court that she was appealing from the trial court's April 4 order (as opposed to a subsequent judgment).

According to an "Affidavit of Mailing" filed in the trial court that included the heading "CLERK'S CERTIFICATE OF MAILING," a superior court clerk served a copy of the April 4 order that same day.[3] Parties generally have 60 days from the clerk's service of an appealable order to file a notice of appeal unless the time period is extended. (Rules 8.104(a)(1)(A) [establishing 60-day deadline for notice of appeal after

---

[2] All date references are to the 2012 calendar year unless otherwise specified.

[3] The affidavit was listed on the register of actions included in the appellate record, but the document itself was not. A copy of the affidavit was transferred to this court at our request, and we order on our own motion that the record be augmented to include the document. (Cal. Rules of Court, rule 8.155(a)(1)(A); *Stewart v. Preston Pipeline Inc.* (2005) 134 Cal.App.4th 1565, 1570, fn. 3.) All rule references are to the California Rules of Court.

clerk serves "a file-stamped copy of the judgment"], 8.104(e) [" 'judgment' " in rule 8.104(a) includes appealable order]; *Alan v. American Honda Motor Co., Inc.*, *supra*, 40 Cal.4th at p. 905 [clerk's mailing of file-stamped appealable order along with certificate of mailing satisfies rule 8.104(a)(1)].)  Thus, the deadline for Lisa's notice of appeal would have been June 4 if the time period had not been extended (60 days, plus one day because June 3 was a Sunday (rule 1.10(b))).

The time period to appeal was extended, however, because on April 18, Lisa filed a combined motion for a new trial/motion to vacate/motion to correct clerical errors.  But under either the rules applicable to motions for new trials or the rules applicable to motions to vacate, the extension was not long enough to render her notice of appeal timely.

Under the extension rules applicable for a motion for a new trial, rule 8.108(b)(1) provides that the time to appeal is extended until the *earliest* of (A) 30 days after an order denying the motion or a notice of entry of that order, (B) 30 days after denial of the motion by operation of law, or (C) 180 days after entry of judgment.

The motion for a new trial was denied by operation of law on June 4 because the trial court had only 60 days from the service of the appealable order to rule on the motion.  (Code Civ. Proc., § 660.)  The motion for a new trial was denied by operation of law on June 4 even though on June 19 a minute order was entered denying the motion, and on July 10 the trial court filed its "findings and order after hearing" setting forth the reasons for the denial.  (*Fischer v. First Internat. Bank* (2003) 109 Cal.App.4th 1433, 1450-1451 [60-day time limit of Code Civ. Proc., § 660 is jurisdictional and cannot be evaded by subsequent order].)  Because the motion for a new trial was denied by operation of law on June 4, the time to appeal was extended for 30 days, or until July 5 (because July 4 was a holiday (rule 1.10(b))).  Lisa's notice of appeal was not filed until July 18.  Thus, the notice of appeal was untimely under the extension rules applicable when a motion for a new trial is filed.  (See Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2012) ¶ 3:67, p. 3-33 [maximum appeal time when a motion for new trial is filed is 90 days after appealable judgment or order].)

Under the extension rules applicable when a valid motion to vacate is filed, rule 8.108(c) provides that the time to appeal is extended until the *earliest* of: (1) 30 days after service of an order denying the motion, (2) 90 days after the first notice of intention to move, or motion, is filed, or (3) 180 days after entry of judgment. Here, the earliest of these dates was July 17, which was 90 days after appellant filed her motion to vacate on April 18. (Rule 8.108(c)(2).) Thus, appellant's July 18 notice of appeal was untimely under the extension rules applicable when a valid motion to vacate is filed.

In short, Lisa's notice of appeal was untimely regardless whether the extension rules applicable to motions for new trials or motions to vacate apply. Because our review of the record revealed that Lisa's appeal was possibly untimely, we requested supplemental briefing on the issue. Lisa argues in her supplemental brief that neither the superior court clerk nor any party served the April 4 order, meaning that she had 180 days after entry of judgment (until October 1) to file her notice of appeal. (Rule 8.104(a)(1)(C) [notice of appeal must be filed 180 days after entry of judgment if no service by clerk or party].) Lisa asserts that service "**did not take place**" on April 4. (Original boldface.) The record suggests otherwise.

First, the trial court's file includes a certificate/affidavit of mailing stating that the April 4 order was served on the same day the order was filed. (*Ante*, fn. 3.) Second, Lisa herself represented in her civil case information statement that the April 4 order was served that same day. Third, the combined motion for a new trial/motion to vacate/motion to correct clerical errors was filed by Lisa on April 18, just two weeks after the April 4 order, which shows that she was, in fact, served with the statement of decision as the clerk stated in the affidavit of mailing.[4] In sum, we have no reason to doubt that the April 4 order was served that same day, triggering the deadline to appeal.

---

[4] In our letter requesting supplemental briefing, we presumed that the superior court clerk served the April 4 order in a manner that triggered the deadline to appeal, and we asked the parties to clarify whether that in fact took place. In his supplemental letter brief, Patrick, who is not represented by counsel on appeal, simply states that he agrees with the court's analysis set forth in our letter.

In her supplemental brief, Lisa also directs this court to an excerpt from the "self-help" section of the state court's website explaining that motions for a new trial and motions to vacate extend the deadlines to file a notice of appeal. (California Courts, Filing the Notice of Appeal <http://www.courts.ca.gov/12428.htm> [as of April 10, 2013].) That same web page cautions litigants to "*carefully read* rule 8.108 of the California Rules of Court," upon which this court has relied in concluding that Lisa's appeal is untimely. (*Ibid.*, italics added.)

It is well settled that if an appeal is untimely, the appellate court has no jurisdiction to consider its merits and the appeal *must* be dismissed. (Rule 8.104(b); *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113; *Estate of Hanley* (1943) 23 Cal.2d 120, 123; *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 762.)

### III.
#### DISPOSITION

The appeal is dismissed. Respondent Patrick shall recover his costs on appeal.

_____
Humes, J.


We concur:


_____
Reardon, Acting P.J.


_____
Rivera, J.