Filed 2/20/25  Schrader v. Watts CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| ERIC SCHRADER,<br><br>    Petitioner and Respondent,<br><br>v.<br><br>STEPHANIE WATTS,<br><br>    Respondent and Appellant. | 2d Civ. No. B330648<br>(Super. Ct. No. 17FL-0248)<br>(San Luis Obispo County) |

Stephanie Watts (Mother) appeals an order requiring her to pay child support to Eric Schrader (Father).  She contends the family court should not have considered cash payments she received from her parents during the proceedings as "income" for the purposes of calculating support under Family Code section 4058.[1]  She also contends the court violated her due process

---

[1] Further unspecified statutory references are to the Family Code.

rights when it ordered her to pay retroactive support. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father began divorce proceedings in San Luis Obispo County in 2017. Their only child, daughter S.S., was born in 2015. The family court entered a status-only judgment of dissolution in 2020.

S.S. initially lived with Mother after the couple separated but started living full time with Father in August of 2019. A protracted custody dispute followed, driven by Mother's allegations that Father and paternal grandmother had abused S.S. The family court held a trial on custody and visitation over 17 days from February to June of 2022. It eventually awarded Father sole legal and physical custody and imposed restrictions on Mother's visitation.

Father requested an order modifying his child support payment shortly after S.S. moved in with him in August of 2019. The family court did not hold a hearing on his request until November of 2022—several months after the custody trial finished, and more than three years after he filed the request. It ordered Mother to pay temporary support to Father of $450.00 a month "without prejudice to either party's claims at the time of further hearing."

Trial on permanent support took place over two days in May of 2023. The parties testified to earning modest incomes: Father as a union bricklayer, and Mother as a former prison employee on disability retirement. They described how their respective families paid hundreds of thousands of dollars in attorney's fees to fund their custody litigation. Each described the payments as loans. Several family members testified that they expected Mother and Father to repay the loans when they

2

were able.  None had written agreements to this effect.  The family court took the matter under submission at the close of evidence.

The family court issued a tentative statement of decision. After considering the parties' objections and it issued a final statement of decision in July of 2023.  The court found the money given to Father by his family to be loans rather than income for the purposes of calculating support.  It found the opposite true of the money given to Mother by her family.  This resulted in her income far exceeding Father's.  It set guideline support of $1,414.00 per month for the period of September 2019 to December 2019, $924.00 per month in 2020, $1,587.00 per month for 2021, and $1,400.00 per month for 2022 and 2023.  The court adjusted these figures downward in the interest of fairness under section 4056 and 4057.  It calculated Mother's net arrears as $43,680.99 and ordered her to begin repaying Father at $200.00 per month.  It set her support payments to Father at $1,000.00 per month going forward.

## DISCUSSION

### *Appealability*

Mother appeals the final statement of decision filed in July of 2023.  "The general rule is that a statement or memorandum of decision is not appealable.  [Citations.]  The rule's practical justification is that courts typically embody their final rulings not in statements of decision but in orders or judgments.  Reviewing courts have discretion to treat statements of decision as appealable when they must, as when a statement of decision is signed and filed and does, in fact, constitute the court's final decision on the merits."  (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 901.)

3

We exercise our discretion to entertain the merits of Mother's appeal. The family court incorporated the final statement of decision into its "Findings and Order after Hearing" filed on October 23, 2023.[2] We construe the appeal as taken from this order, which resolved the custody and support issues reserved in the judgment of dissolution entered in August of 2020. (See *Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 223 [appellate court may consider premature appeal when "judgment [is] actually entered and respondent has not been misled to its prejudice"].)

*Considering Family Loans as Income*
*For Calculating Child Support*

Mother contends the family court erred when it found payments from her family to be income but considered similar payments from Father's family as loans for the purpose of calculating child support. She highlights the persuasiveness of her evidence and describes the family court's decision as flowing from its "bloodlust against [Mother] for her tenacious attempts to save the child from further abuse by Father." "Our review is limited to determining whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion." (*In re Marriage of De Guigne* (2002) 97 Cal.App.4th 1353, 1360.)

"Trial courts must calculate child support in accordance with the mathematical formula contained in Family Code section 4055." (*In re Marriage of Williamson* (2014) 226 Cal.App.4th 1303, 1312.) Loans are not listed among the income sources the

___

[2] We grant Father's September 16, 2024 request to augment the record to include the Findings and Order, as well as the Notice of Entry thereof.

4

court may consider when determining a parent's gross annual income for this calculation. (*Ibid.*; § 4058, subd. (a).) Recurring gifts of money, however, may constitute income "so long as the gifts bear a reasonable relationship to the traditional meaning of income as a recurrent monetary benefit." (*In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 736-737.) "[T]he question of whether gifts should be considered income for purposes of the child support calculation is one that must be left to the discretion of the trial court." (*Id.*, at p. 737.)

The statement of decision describes Mother as an "uncooperative, hostile, evasive, inconsistent, difficult witness" who "evaded answering even the simplest questions posed by opposing counsel." It found Mother's discovery responses and income and expense statements inconsistent with her testimony. "Her behavior and inconsistent testimony on the stand," the court concluded, "cast a shadow of doubt over all her testimony and evidence regarding her income for the entirety of the trial." (See, e.g., *In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 36 [family court properly inferred higher income to husband based on variances in his tax returns, loan applications, and income and expense declaration].)

The statement of decision describes Father and his witnesses as credible and cooperative. It noted Father testified honestly about earning "under the table" income between union jobs even though this reflected negatively on him. The court determined the payments to Father were loans because they were "in lump sums, paid directly to his attorneys, not given to him directly for his personal use, and not commingled with his gross monthly income from employment." Mother's payments, in contrast, were "periodically and regularly" deposited into an account she shared with her mother. She used the funds "for her

5

own living expenses, attorney's fees, expert fees, visitation fees, including the costs of gas, food, drinks, activities, and monitors' fees for entry into theme parks as well as hotel and lodging when necessary for court-ordered custodial time" with S.S.

The family court's findings were based on its weighing of each party's evidence about their finances, particularly the amount, timing, and nature of the payments they received from their families. We decline to second guess the family law court's factual determinations, particularly where, as here, its findings were based primarily on witness credibility. (*In re Marriage of Winternitz* (2015) 235 Cal.App.4th 644, 653.)

*Retroactive Support*

Mother contends the family court violated her due process rights by awarding Father retroactive child support after the May 2023 trial. She argues that the minute order from the court's initial support hearing on November 10, 2022 does not specify that it reserved jurisdiction over the issue of retroactive support. She insists Father should have filed a second modification request if he sought arrears in addition to future support. We disagree.

The November 10 minute order cited by Mother is in fact a short text entry on the register of actions. The "findings and order" from that date is a more comprehensive record of the proceedings. They show the trial court ordered Mother to pay Father temporary support, then continued the hearing. The court specified the temporary order was "without prejudice to either party's claims at the time of further hearing." Nothing suggests the court intended to limit either party's right to seek retroactive support at trial. (See § 3653, subd. (a), italics added ["[a]n order modifying or terminating a support order *may be made retroactive to the date of the filing of the notice of motion* or

6

order to show cause to modify or terminate, or to any subsequent date . . .".)

Further, Mother's trial brief responded to the merits of Father's request for retroactive support. Her counsel did the same at trial during opening and closing argument. She did not raise a due process objection to the tentative statement of decision or otherwise question the family court's authority to award retroactive support. (Cal. Rules of Court, rule 3.1590(g).) No due process violation occurred, and if one did occur, any objection is waived. (Code Civ. Proc., § 634; see *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138 ["It is clearly unproductive to deprive a trial court of the opportunity to correct such a purported defect by allowing a litigant to raise the claimed error for the first time on appeal"].)

## DISPOSITION

The trial court's order modifying child support (entered on October 23, 2023) is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.


CODY, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

7

Hon. Erin Childs, Judge
Superior Court County of San Luis Obispo

_____

Stephanie Watts, in pro per, for Appellant.

Kirker Wright Law Group, Vanessa Kirker Wright; Law Office of Renee M. Fairbanks, Renee M. Fairbanks, for Respondent.