Filed 7/21/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WING INFLATABLES, INC.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S,<br><br>    Defendant and Respondent. | A173263<br><br>(San Francisco City & County<br>   Super. Ct. No. CGC21589722) |

**ORDER DENYING MOTION TO DISMISS APPEAL**

Respondent Certain Underwriters at Lloyd's (Lloyd's) moves to dismiss appellant Wing Inflatables' Inc.'s (Wing) appeal from an order denying costs and attorney fees on the ground Wing filed its notice of appeal beyond the 60-day period allowed by California Rules of Court, rule 8.104(a)(1)(A).[1] We deny Lloyd's motion and publish our order doing so to clarify what "showing the date" of service means when the superior court clerk electronically serves either Notice of Entry, or a file-endorsed copy, of an appealable judgment or order. As we shall explain, under the pertinent statutes and rules, and California Supreme Court authority, a signed "certificate" of service by the clerk must be attached to, stamped on, or imbedded in the document being electronically served so the time to appeal can readily be determined from a single document.

---

[1] All further rule references are to the California Rules of Court.

1

As our Supreme Court recently observed, " 'The time of appealability, having jurisdictional consequences, should above all be clear.' [Citation.] '[B]right lines are essential in this area, to avoid both inadvertent forfeiture of the right to appeal and excessive protective appeals by parties afraid they might suffer such a forfeiture.' [Citation]. ' "Neither parties nor appellate courts should be required to speculate about jurisdictional time limits." ' " (*Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 649–650.)

The circumstances here are straightforward: On the day the superior court denied Wing's motion for costs and fees, the court clerk sent an e-mail to the parties that attached a file-endorsed copy of the court's written order denying the motion. The transmittal e-mail stated: "Please see the attached Order Denying Plaintiffs Motion for Attorney's Fees." Wing filed its notice of appeal nearly four months later.

Lloyd's maintains the clerk's e-mail attaching a file-endorsed copy of the order triggered the 60-day period to appeal set forth in rule 8.104(a)(1)(A).

Wing asserts it did not because the clerk's e-mail did not meet the requirement of the rule that the file-endorsed copy of the order "show[] the date [it] was served." (Rule 8.104(a)(1)(A).) Wing maintains a "proof of service" was required, pointing to an Advisory Committee Comment stating, "Under subdivision (a)(1)(A), a notice of entry of judgment (or a copy of the judgment) must show the date on which the clerk served the document. The proof of service establishes the date that the 60-day period under subdivision (a)(1)(A) begins." (Rule 8.104, Advisory Committee Comment, subdivision (a).) Specifically, Wing points out the transmittal e-mail bears no "sworn signature" by the clerk. Wing therefore maintains the 60-day period set forth in rule 8.104(a)(1)(A) was not triggered, and the 180-day period to appeal set

forth in subdivision (a)(1)(C) applied. Under the latter subdivision, its notice of appeal was indisputably timely.

Lloyd's responds that rule 8.104(a)(1)(A) does not require the court clerk to prepare and attach a "proof of service"—in contrast to rule 8.104(a)(1)(B), which expressly requires that a party-served Notice of Entry or file-endorsed copy of a judgment or appealable order must be "accompanied by proof of service." Indeed, Lloyd's maintains our Supreme Court in *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 904 (*Alan*), squarely rejected the argument that a court clerk giving notice under rule 8.104(a)(1)(A) must prepare a "proof of service." Thus, as Lloyd's sees it, the clerk's transmittal e-mail, bearing the date of transmission and the full title of the file-endorsed order, sufficiently "show[ed]" the "date [it] was served."

Lloyd's singular focus on the absence of "proof of service" language in rule 8.104(a)(1)(A), in contrast with (a)(1)(B), overlooks that with our entry into the electronic communication era, both the Code of Civil Procedure and the Rules of Court have been amended to specifically address electronic service of documents and proof thereof, including by the court clerk.

For example, rule 8.104(a)(2) provides: "Service under (1)(A) [by the clerk] and (B) [by a party] may be by any method permitted by the Code of Civil Procedure, including electronic service when permitted under Code of Civil Procedure section 1010.6 and rules 2.250–2.261." (Rule 8.104(a)(2).)

Code of Civil Procedure section 1010.6, in turn, provides in relevant part: "(A) 'Electronic service' means service of a document, on a person, by either electronic transmission or electronic notification. Electronic service may be performed directly by a person, including a party, by a person's agent, including the person's attorney, or through an electronic filing service

3

provider, and by a court." (Code of Civ. Proc., § 1010.6, subd. (a)(1)(A).)[2] The statute defines "'Electronic Transmission'" to mean "the transmission of a document by electronic means to the electronic service address at or through which a person receives electronic service," and " 'Electronic Notification' " to mean "the notification of the person that a document is served by sending an electronic message to the electronic address at or through which the person receives electronic service, specifying the exact name of the document served, and providing a hyperlink at which the served document may be viewed and downloaded." (§ 1010.6, subd. (a)(1)(A), (B).)

Thus, as Wing acknowledges, there is no question the court clerk's e-mail attaching a copy of the file-endorsed order was a proper means of *serving* the document. But as Wing points out, this does not answer the question of what constitutes "showing" the date of service as required by rule 8.104(a)(1)(A).

Rule 8.104(a)(2) does not supply the answer, as it merely authorizes electronic service by the court clerk in the manner allowed by section 1010.6. Nor does section 1010.6, as it spells out *how* to effectuate electronic service, not how to prove or "show" such service has been made. Rather, the Legislature enacted a separate statute, section 1013b, titled "Proof of electronic service," instructing not only parties, but also superior court clerks, how to show *proof* of electronic service. (§ 1013b.)

Neither (a)(1)(A) nor (a)(2) of rule 8.104 refers to section 1013b. But it seems self-evident the statute applies when the superior court clerk effects service under rule 8.104(a)(1)(A). To begin with, section 1013b goes hand in glove with section 1010.6, which rule 8.104(a)(2) expressly states applies to service by the court clerk under (a)(1)(A). (Rule 8.104(a)(2).)

---

[2] All further statutory references are to the Code of Civil Procedure.

More to the point, rule 8.104(a)(2) also expressly refers to rule 2.251. (Rule 8.104(a)(2).) Titled "Electronic service by or on court," Rule 2.251(j)(1) states in pertinent part: "Proof of electronic service shall be made as provided in Code of Civil Procedure section 1013b." (Rule 2.251(j)(1).)

Thus, despite the less than precise phrasing of rule 8.104(a)(1)(A), collective reading of the pertinent statutes and rules makes clear that section 1013b is applicable to electronic service by a court clerk under rule 8.104(a)(1)(A).

We observe, however, that section 1013b, itself, is not crystal clear. It specifies "Proof of electronic service" may be made by "affidavit[s]" setting forth certain information and by "certificate[s]" setting forth certain information. (§ 1013b, subd. (a)(1)–(4).) Court clerks are directed to make proof of electronic service by way of "a certificate by that clerk setting forth the exact title of the document served and filed in the cause, showing the name of the clerk and the name of the court of which they are a clerk."[3]

_____

[3] This tracks the language of section 1013a which governs proof of service by mail. It also provides that proof may be made by "affidavit" and "certificate." As to court clerks, section 1013a states: "In case of service by the clerk of a court of record, a certificate by that clerk setting forth the exact title of the document served and filed in the cause, showing the name of the clerk and the name of the court of which he or she is the clerk, and that he or she is not a party to the cause, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid. This form of proof is sufficient for service of process in which the clerk or deputy clerk signing the certificate places the document for collection and mailing on the date shown thereon, so as to cause it to be mailed in an envelope so sealed and so addressed on that date following standard court practices. Service made pursuant to this paragraph, upon motion of a party served and a finding of good cause by the court, shall be deemed to have occurred on the date of postage cancellation or postage meter imprint as shown on the envelope if that date is more than one

5

(§ 1013b, subd. (a)(4).) Subdivision (c) of section 1013b states that proof of service (making no distinction between proof by affidavit or certificate) shall be signed "as provided in" section 1010.6, subdivision (e)(2)(B). (§ 1013b, subd. (c).)

Section 1010.6, subdivision (e)(2)(B), in turn, commences with the proviso, "When a document to be filed *requires the signature, under penalty of perjury*, of any person, the document shall be deemed to have been signed by that person if" they either sign and retain a hard copy of the document bearing the original signature or sign the document electronically, as well as adhere to other requirements set forth in the subdivision. (§ 1010.6, subd. (e)(2)(B)(i), (ii), italics added.)

Arguably, then, subdivision (c) of section 1013b, directing that proof of electronic service "shall be signed as provided in" section 1010.6, subdivision (e)(2)(B), applies only when the document evidencing proof of service requires a signature "under penalty of perjury" as per the initial proviso of section 1010.6, subdivision (e)(2)(B). While an affidavit, the other manner of proof allowed by section 1013b, is sworn under penalty of perjury, a clerk's certificate is not. (See, e.g., *Aquino v. Superior Court* (2021) 73 Cal.App.5th 104, 110 (*Aquino*) [clerk's "declaration" of service made pursuant to section 1013a was signed, but not under penalty of perjury[4]].)

---

day after the date of deposit for mailing contained in the certificate."
(§ 1013a, subd. (4).)

[4] The clerk's declaration stated: "I certify that I am not a party to this cause and that a true and correct copy of the foregoing document [an order denying a change of venue] was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at . . . California." (*Aquino*, *supra*, 73 Cal.App.5th at

However, this would be an unreasonable construction of the relevant statutes and rules. Section 1013a, governing proof of mail service by court clerks, makes specific reference to the clerk "signing" the "certificate" of service, although there is no requirement that this certificate be signed under penalty of perjury. (§ 1013a, subd. (4); see, e.g., *Aquino, supra,* 73 Cal.App.5th at p. 110.) There is no rational reason why a "certificate" of service by a court clerk serving a document electronically would not also be signed, regardless of the lack of any requirement that such signature be "under penalty of perjury."

We therefore agree with Wing that, given the lack of a signature, the superior court clerk's transmission e-mail cannot be deemed a certificate of electronic service and, therefore, is not sufficient proof, or to use the language of rule 8.104(a)(1)(A), not a sufficient "showing," of service.

But even if the clerk's transmittal e-mail had contained an electronic signature, as well as all the information required by section 1013b, subdivisions (a)(4) and (b), we would conclude the e-mail and attached file-endorsed copy of the order were insufficient to trigger the 60-day period in which to appeal set forth in rule 8.104(a)(1)(A), given the "single document" requirement set forth in *Alan, supra,* 40 Cal.4th 894.

In *Alan,* the court clerk mailed, in a single envelope, two documents pertaining to the denial of the plaintiff's motion for class certification. (*Alan, supra,* 40 Cal.4th at p. 898.) One was a file-endorsed copy of a document titled " 'STATEMENT OF DECISION RE: ALAN'S MOTION FOR CLASS CERTIFICATION,' " which at the end stated, the " 'motion for Class

---

p. 110, boldface omitted.) Just beneath this attestation, the declaration stated, "Executed on 05/12/2021," followed by a signature line identifying the signer as "Deputy Clerk." (*Ibid.*)

7

Certification is Denied.' " (*Ibid.*)  The second was a minute order, which was not file-endorsed, titled " 'RULING ON SUBMITTED MATTER/MOTION FOR CLASS CERTIFICATION' " stating, " 'The Court, having heard argument in this Motion, and read and considered the papers, now issues its . . . "Statement of Decision Re: Alan's Motion for Class Certification" this date.' " (*Ibid.*)  The order further stated both documents were " 'sent via U.S. Mail on January 2, 2003 to counsel of record in envelopes addressed as follows.' " (*Ibid.*)  "The names and addresses of counsel of record follow[ed], . . . [and] [i]n the margin at the bottom of the page is the notation, 'Page 1 of 1 DEPT. 323.'  The minute order bears the typed or printed notation, 'MINUTES ENTERED 01/02/03 COUNTY CLERK.' " (*Ibid.*)

Neither document, alone, satisfied the requirements of Rule 8.104(a)(1)(A).  (*Alan, supra,* 40 Cal.4th at p. 898.)  The statement of decision was not the operable appealable order (the minute order was), nor did it show when it was served.  (*Id.* at p. 901.)  The minute order, in turn, was not file-endorsed.  (*Id.* at p. 902.)

The defendant argued that, collectively, the two documents satisfied the rule and triggered the 60-day period to appeal.  The plaintiff maintained the rule required service of "a single, self-sufficient document," no such document was served, and therefore the 120-day period to appeal applied.  (*Alan, supra,* 40 Cal.4th at p. 901.)  The high court agreed with the plaintiff.

The court explained, "The plain language of the rule refers to '*a document* entitled "Notice of Entry" of judgment or *a file-stamped copy* of the judgment, showing the date either was mailed. . . .' (Rule 8.104(a)(1), italics added.)  The advisory committee's original official comment on the rule's identically worded predecessor appears to confirm that a single, self-sufficient document is required: 'Under revised subdivision (a)(1), *a notice of*

8

*entry of judgment (or a copy of the judgment) must show the date on which the clerk mailed the document,* analogously to the clerk's "certificate of mailing" currently in use in many superior courts and required by certain Judicial Council forms (see, e.g., Form 1290 [Notice of Entry of Judgment in family law cases]).' (Advisory Com. com. (2002) foll. rule 2, as adopted eff. Jan. 1, 2002, italics added.) The form to which the committee referred, form 1290, is now designated FL–190 and, as noted above, satisfies rule 8.104(a)(1) by displaying the clerk's certificate of mailing at the bottom of the page." (*Alan, supra,* 40 Cal.4th at pp. 903–904.)

The Supreme Court therefore rejected the Court of Appeal's reading of rule 8.104(a)(1)(A) as permitting a clerk "to use a separate document to show the date on which the 'file-stamped copy of the judgment' [citation] was mailed." (*Alan, supra,* 40 Cal.4th at p. 904.) The rule "does indeed," said the court, "require a single document—either a 'Notice of Entry' so entitled or a file-stamped copy of the judgment or appealable order—that is sufficient in itself to satisfy all of the rule's conditions, including the requirement that the document itself show the date on which it was mailed." (*Id.* at p. 905.) The court added this can be readily accomplished "by attaching a certificate of mailing to the file-stamped judgment or appealable order, or to a document entitled 'Notice of Entry.' " (*Ibid.*; see *M'Guinness v. Johnson* (2015) 243 Cal.App.4th 602, 612 [file-endorsed copy of order could not "be read in conjunction with" a "separate document—the 'corrected proof of service'—to satisfy the requirements of" rule 8.104(a)(1)(A)].)

Although *Alan* dealt with service by mail, its reasoning readily applies to electronic service. Thus, by parity of reasoning, having to look at both a transmittal e-mail from the court clerk and the document attached thereto to determine when the time to appeal commences, does not comport with *Alan's*

9

"single document" rule. It also appears to be the practice in some superior courts for clerks to separately attach to a transmittal e-mail a file-endorsed copy of the document being served and the certificate of service. While this manner of electronic service may, as a practical matter, inform parties as to the date of service, it, too, does not strictly comport with *Alan's* "single document" requirement. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2024) ¶ 3:42.1a [language of *Alan* and *M'Guinness* "suggests they will be strictly construed to treat" "current practice of many superior courts, whereby a judgment and proof of service are posted and e-served simultaneously but separately" as "not satisfying the single document requirement," italics omitted].)

In short, *Alan* instructs that the clerk's certificate of service must be attached to, stamped on, or imbedded in the Notice of Entry or file-endorsed copy of the judgment or appealable order being served to trigger the 60-day period to appeal set forth in rule 8.104(a)(1)(A).

We close with the observation it may be time to take another look at the language of rule 8.104(a)(1)(A) to perhaps clarify the language "showing the date either was served" to make it more consistent with the terminology of Code of Civil Procedure sections 1010.6 and 1013b and our conclusions herein, as well as reflective of *Alan's* "single document" rule.

10

_____

Banke, Acting P.J.

We concur:

_____

Langhorne Wilson, J.

_____

Smiley, J.

A173263, *Wing Inflatables Inc v. Certain underwriters at Lloyd*

11

Trial Court: San Francisco City and County Superior Court

Trial Judge: Hon. Daniel A. Flores

Counsel:

Baker & McKenzie LLP, Mark C. Goodman and Michael Terrence Boardman for Plaintiff and Appellant.

Horvitz & Levy LLP, Benjamin P. Covington, Peder Kristian Batalden and Karen M. Bray; Kaufman Dolowich LLP, Andrew Jay Waxler, Tad A. Devlin, Johanna M. Berta; Kaufman Borgeest & Ryan LLP, Michale F. Perlis, Joshua Ben Shayne and Jon William Hagey for Defendant and Respondent.