Filed 10/6/14  O.E.I. International v. All Logisitcs Cargo CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| O.E.I. INTERNATIONAL, INC.,<br><br>              Plaintiff and Appellant,<br><br>       v.<br><br>ALL LOGISTICS CARGO, INC., et al.,<br><br><br>                                   Defendants;<br><br>RONALD F. HILL et al.,<br><br>              Defendants and Respondents. | B250564<br><br>(Los Angeles County<br> Super. Ct. No. BC492463) |

APPEAL from orders of the Superior Court of Los Angeles County.  Teresa Sanchez-Gordon, Judge.  Affirmed.


Law Offices of Shun C. Chen and Shun C. Chen for Plaintiff and Appellant.


Levian Law, Korosh K. Levian and Antony R. Pizarro for Defendants and Respondents.


* * * * * * * * * *

In this appeal, plaintiff and appellant O.E.I. International, Inc. contests the trial court's orders quashing service of process and dismissing defendants and respondents Galaxy Transport Corporation (Galaxy) and Ronald F. Hill (Hill). Plaintiff contends the court erred in quashing service because there was evidence sufficient to support specific jurisdiction as to both defendants, and also that the court abused its discretion in failing to grant plaintiff sufficient time to conduct jurisdictional discovery. Defendants argue the appeal was not timely filed, and also that plaintiff's claims fail on the merits. We conclude the appeal was timely filed, and that substantial evidence supports the trial court's orders quashing service on both defendants. We therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a California corporation, engaged in the business of freight forwarding: coordinating the domestic and international transport of goods. Following the breakdown in a relationship with third parties, including defendants, to arrange the transportation of iron ore between Mexico and China on behalf of one of its customers, plaintiff filed this action alleging fraud, breach of contract and related claims against defendants Galaxy and Hill. The action also named as defendants All Logistics Cargo, Inc. (All Logistics), All Commodity Trading & Transport LLC (All Commodity) and Michael Kuhfal.[1]

The complaint incorporated two attached documents. The first is a Memorandum of Understanding (MOU) executed by Skye Xu on behalf of plaintiff, and by Mr. Kuhfal on behalf of All Logistics and All Commodity. The MOU identifies All Logistics and All Commodity as California business entities, and also identifies plaintiff as a California entity with a business address in Rosemead, California. It states that All Logistics's and All Commodity's roles in the subject transaction were to "negotiate vessel charters" for the identified cargo. Plaintiff was to provide "cargo availability" and act in good faith in executing and complying with all agreed-upon terms for shipment of the cargo. Part VI of the MOU identifies the "[f]unding requirements" as a $48,000 deposit by plaintiff to

---

[1] All Logistics, All Commodity and Mr. Kuhfal are not parties to this appeal.

All Commodity's bank account. Part VIII states the MOU shall be in force and effect from January 13, 2012, through February 29, 2012.

The second document attached to the complaint is titled Voyage Charter Agreement (VCA) and identifies, as parties thereto, All Commodity, defendant Galaxy and plaintiff. The VCA identifies the "[p]lace and date" of the agreement as Pittsburgh, Pennsylvania and January 14, 2012. It provides that Galaxy's "Bulk and Charter Div" is located in Pennsylvania. The "Proposed Vessel" is identified as the "MV Sky" with transportation points between Manzanillo, Mexico and Zhang Jingang, China. Arbitration is identified as the form of dispute resolution to take place in Pittsburgh, Pennsylvania.

Defendants Galaxy and Hill specially appeared in the action by way of a motion to quash, arguing that California courts lacked any basis for asserting personal jurisdiction because both Galaxy and Hill are Canadian residents with no contacts in California sufficient to support jurisdiction. The motion was supported by Hill's declaration, a copy of the operative complaint, and several documentary exhibits.

In his declaration, defendant Hill attested to the following facts. Defendant Galaxy is a Canadian corporation "specializ[ing] in overweight cargo, hazardous cargo, and ship chartering." Galaxy is headquartered in Vancouver, British Columbia, Canada. Galaxy maintains no offices in California, and does not advertise or conduct business in California. Galaxy operates as a "Licensed Customs Broker" and therefore does not handle cargo moving domestically between two points in the United States.

Defendant Hill is the general manager of Galaxy and a Canadian resident with his principle residence in Vancouver, British Columbia. Galaxy opened an office in the United States in Pittsburgh, Pennsylvania. Hill sometimes works from that office but has "no intent" of residing in Pennsylvania or the United States on a permanent basis.

Defendant Hill was contacted by All Logistics and All Commodity around January 14, 2012, requesting assistance in chartering a ship to transfer cargo from Mexico to China. During all such communications, Hill was in Pennsylvania. He arranged for a vessel (the MV Sky) to be available for the shipment by February 1, 2012.

3

Hill then drafted the VCA and forwarded it to plaintiff, All Logistics and All Commodity. Hill never received a finalized, executed version back from any party. The initials in his signature block on the draft VCA were not signed by Hill. The parties never executed a final version of the VCA.

Sometime before February 1, 2012, it was determined the shipper for the cargo (identified as Metast) did not have an export license which "forced cancellation" of the MV Sky being available to transport the load as scheduled.

Defendant Hill attested to the accuracy of the copies, attached as exhibits, of Galaxy's articles of incorporation, Galaxy's business license, Hill's Canadian driver's license and his Canadian passport. The documents identify Hill's residence in Vancouver, Galaxy's business address in Vancouver and the fact that Galaxy was incorporated in Canada in January 2009.

Plaintiff's opposition was supported by the declaration of Mr. Xu, plaintiff's employee who had signed the MOU with All Logistics and All Commodity. Several documents were attached as exhibits.

Mr. Xu testified to the following facts. He is a marketing sales representative for plaintiff and was primarily responsible for the subject transaction. In early January 2012, Mr. Xu was contacted by a customer who requested assistance in arranging a shipment of iron ore from Mexico to China. Mr. Xu contacted Mr. Kuhfal to arrange a vessel for the shipment. He and Mr. Kuhfal entered into the MOU.

Mr. Kuhfal informed Mr. Xu that he had contacted defendant Hill to make the "actual arrangement of the vessel." Sometime around January 19, 2012, Mr. Xu received a copy of the VCA. He noted it contained some typographical errors but executed the VCA and returned it to Mr. Kuhfal. The following day he received, from Mr. Kuhfal, an email returning the executed copy of the VCA attached to the complaint. The email shows a "cc" was sent to Hill and Galaxy. Mr. Xu never received any communication from Hill that his initials on the VCA were a forgery.

Mr. Xu had plaintiff's finance manager forward the agreed-upon $48,000 deposit to Mr. Kuhfal and All Commodity in accordance with the MOU, which was transmitted

4

on January 31, 2012. Plaintiff procured an export license for the subject shipment "in early February 2012" and then notified Mr. Kuhfal.

Mr. Xu never received any notification that the vessel was available to pick up the cargo "as arranged and promised" by defendant Hill. By email, Mr. Xu demanded a refund of the deposit but Hill "refused" to refund any portion. Hill "never proposed any other vessel."

In defendants' reply brief, defendant Hill presented a supplemental declaration. He attested to the following additional facts. Hill explained he has worked in the shipping and customs industry for over 35 years. In his experience, vessels are extremely expensive to operate and are "constantly on the move." Because of the financial risks, vessels are not stopped in a port to receive cargo "until all criteria are met. Specifically, the cargo must be in place and verified before any vessel is moved. . . . [A]ll permits and clearances must be obtained."

Defendant Hill was first contacted by Mr. Kuhfal in December 2011 requesting pricing information on "a partial charter" described as 10,000 tons of iron ore. Then in early January, Mr. Kuhfal requested, on behalf of plaintiff, that defendant Galaxy arrange for the transport of that cargo. "After an extensive search," Hill was able to arrange for the MV Sky, operated by a company called Thorco, to pick up the cargo in Mexico on February 1, 2012. Hill therefore drafted the VCA and forwarded it to all parties to be reviewed, and modified, as necessary. He never received an executed copy of the VCA back from any party. However, since Mr. Kuhfal had forwarded him a commission, Hill proceeded to make the arrangements. During efforts to finalize the transaction, "it was discovered that an export license was not in place and therefore the MV Sky could not be received at the port in Mexico. By the time an export license was secured by Plaintiff, Thorco had already accepted other cargo and [the ship was] lost." (Boldface and italics omitted.)

Defendant Hill stated he attempted thereafter to arrange for suitable alternative vessels but plaintiff rejected them as " 'too costly.' " Hill conceded he did not return any

5

monies to plaintiff because he had received his agreed-upon commission from Mr. Kuhfal and he had undertaken significant work.

The original motion hearing took place on February 13, 2013. After entertaining argument by the parties, the court granted the motion to quash as to defendant Hill. The February 13 minute order does not direct the preparation of a written order and indicates that notice was waived. As to defendant Galaxy, plaintiff requested, and the court granted, an extension of time to undertake jurisdictional discovery limited to Galaxy's contacts with California. The court set a return hearing date for April 23, 2013.

Plaintiff served a set of special interrogatories and a request for production of documents on defendant Galaxy. Galaxy served written responses. A significant portion of plaintiff's requests were objected to as overly broad in scope and in violation of the court's order limiting discovery to Galaxy's potential contacts with California. The parties attempted to meet and confer but could not agree on limitations to the scope of plaintiff's requests.

In lieu of filing a motion to compel further responses, plaintiff filed its supplemental opposition with the court. In the opposition papers, plaintiff requested an additional continuance to complete the discovery process because there had not been sufficient time to get a noticed discovery motion on calendar before the April 23 return date.

Defendant Galaxy served its supplemental reply reiterating its position that plaintiff's discovery requests sought information well outside the scope of the court's order allowing limited jurisdictional discovery. Galaxy argued that plaintiff failed to serve any amended requests and had not presented any further information supporting jurisdiction. Galaxy therefore requested that its motion be granted.

At the continued hearing on April 23, 2013, the court stated its tentative was to grant the motion as to defendant Galaxy, explaining "[p]laintiff was given time to conduct discovery to address whether Galaxy had California contacts sufficient to support jurisdiction. Plaintiff's supplemental opposition does not contain any further evidence that defendant Galaxy has contacts with the state of California. Plaintiff argues

that Galaxy refused to provide discovery responses necessary to determine whether it had contacts with California.

"The court notes that plaintiff has not filed any discovery motions to compel responses from Galaxy, although, it was given sufficient time to do so. The motion is granted as to Galaxy.

"And I just want to note that plaintiff was . . . specifically limited to discovery regarding Galaxy's contacts with California. The discovery plaintiff propounded was very far-reaching, including producing minutes of board meetings, financial statements and responding to interrogatories regarding every employee and every business transaction worldwide.

"So the court would not have ordered Galaxy to respond to these discovery requests even on a motion to compel. Okay. That is the court's ruling." After allowing argument, the court adopted its tentative as the final order. The April 23, 2013 minute order reflecting the court's order expressly directed defendants "to prepare an appropriate order and give notice."

On April 24, 2013, defendants Hill and Galaxy served by mail a document titled "Notice of Ruling" memorializing the court's orders of February 13 and April 23, 2013. The notice states it was served concurrently with a proposed order. There is no document in the record titled "Notice of *Entry*" regarding either order.

Plaintiff filed its notice of appeal on August 7, 2013.

On August 26, 2013, this court sent a letter to counsel indicating that the appeal "may" be untimely and requesting plaintiff to show cause why the appeal should not be dismissed. Plaintiff filed a written response and a request for judicial notice of additional documents, including a copy of the trial court's docket sheet. On October 28, 2013, this court sent a letter, signed by a deputy clerk, indicating the order to show cause had been discharged and the case returned to active status.

Thereafter, defendants Galaxy and Hill attached several additional documents as exhibits to their respondents' brief, including a copy of the written order prepared

7

following the April 23 hearing, signed and filed by the court on August 2, 2013.  Plaintiff filed a motion to strike the documents attached to the respondents' brief.

## DISCUSSION

### 1.     The Appeal Was Timely Filed

Preliminarily, we note this court's October 28, 2013 order, signed by a deputy clerk, discharging the order to show cause did not substantively resolve the timeliness of the appeal.  As we now explain, based on our review of the issue, we have concluded the appeal is timely.[2]

An order granting a motion to quash for lack of personal jurisdiction is an appealable order.  (Code Civ. Proc., § 904.1, subd. (a)(3).)  The time for filing an appeal is governed by California Rule of Court 8.104(a) (rule 8.104).  As relevant here, a party has a maximum period of 180 days from entry of a judgment or an appealable order to file an appeal.  However, that period may be shortened to 60 days upon service, by the clerk or a party, of a document titled Notice of Entry or a file-stamped copy of the judgment or order.  (*Ibid*.)

The court granted the motion to quash as to defendant Hill on February 13, 2013.  The court continued the motion as to defendant Galaxy, allowing plaintiff to take jurisdictional discovery, and then granted the motion as to Galaxy on April 23, 2013.  Accordingly, the timeliness of plaintiff's appeal as to each defendant must be separately analyzed.

The February 13 minute order granting the motion as to defendant Hill did not contain any express direction by the trial court to prepare a written order.  There is nothing in the record indicating the clerk served a Notice of Entry of the order, or a file-stamped copy of the minute order in accordance with rule 8.104(a)(1)(A).  Defendants

---

[2]     We deny plaintiff's motion to strike the documents attached to the respondents' brief.  We take judicial notice, on our own motion, of said documents, and also grant plaintiff's request for judicial notice of the documents it submitted in connection with the court's letter of August 26, 2013.

8

contend their Notice of Ruling served on April 24, 2013, constituted Notice of Entry by a party pursuant to rule 8.104(a)(1)(B), thus triggering a 60-day window within which to appeal the February 13 order. We are not persuaded.

Our Supreme Court has explained that in construing the rules applicable to the time limits governing the right to appeal, we must "follow the well-established policy . . . of 'according [the] right [to appeal] in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' [Citation.] . . . 'Because the time limits for filing a notice of appeal are jurisdictional, we must apply [rule 8.104] strictly and literally according to its terms; the rules "must stand by themselves without embroidery." ' [Citations.]" (*Alan v. American Honda Motor Co., Inc*. (2007) 40 Cal.4th 894, 902-903 (*Alan*).)

In order to trigger the shorter 60-day time limit, "courts have consistently held that the required 'document entitled "Notice of Entry" ' (rule 8.104(a)(1)) *must bear precisely that title*." (*Alan*, *supra*, 40 Cal.4th at p. 903, italics added; accord, *20th Century Insurance Co. v. Superior Court* (1994) 28 Cal.App.4th 666, 672 [in construing rule 2(a), the predecessor to rule 8.104, the court found the 180-day time limit applicable and rejected the argument that service by the clerk of a document titled Notice of Ruling triggered the shorter 60-day time limit within which to appeal]; see also *Sunset Millennium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 259 ["14-page minute order with the notice of entry language on page 13 does not comply with the literal requirement [of former rule 2(a)] that the document providing notice of entry be so *entitled*"].)

Accordingly, the operative time limit as to defendant Hill was the maximum timeframe of 180 days from entry of the appealable February 13 minute order. The notice of appeal filed August 7, within the 180-day window, was therefore timely as to Hill.

In contrast to the court's February 13 minute order, the court's April 23 minute order quashing service as to defendant Galaxy contained an express directive for the preparation of a written order memorializing the court's ruling. Accordingly, the entry

9

date was governed by rule 8.104(c)(2) which provides, in relevant part, that "[t]he entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes. *But if the minute order directs that a written order be prepared, the entry date is the date the signed order is filed.*" (Italics added.)

Defendants submitted a written order of dismissal of Galaxy to be signed by the court, and provided a copy to this court showing the order was signed and file-stamped by the trial court on August 2. The notice of appeal filed five days later on August 7 was timely.

We now turn to the merits.

## 2. Substantial Evidence Supports the Court's Orders Quashing Service

Plaintiff contends the trial court erred in quashing service on both defendants. " 'When a defendant moves to quash service of process on jurisdictional grounds, the plaintiff has the initial burden of demonstrating facts justifying the exercise of jurisdiction. [Citation.] Once facts showing minimum contacts with the forum state are established, however, it becomes the defendant's burden to demonstrate that the exercise of jurisdiction would be unreasonable. [Citation.] When there is conflicting evidence, the trial court's factual determinations are not disturbed on appeal if supported by substantial evidence. [Citation.] When no conflict in the evidence exists, however, the question of jurisdiction is purely one of law and the reviewing court engages in an independent review of the record. [Citation.]' " (*Serafini v. Superior Court* (1998) 68 Cal.App.4th 70, 77; accord, *Paneno v. Centres for Academic Programmes Abroad Ltd.* (2004) 118 Cal.App.4th 1447, 1454.)

Plaintiff does not appear to argue defendants had sufficient contacts in the state to support the assertion of general jurisdiction. Rather, plaintiff argues there was sufficient evidence supporting the exercise of specific jurisdiction over both defendants. We review the evidence accordingly.

"When determining whether specific jurisdiction exists, courts consider the ' "relationship among the defendant, the forum, and the litigation." ' [Citation.] A court may exercise specific jurisdiction over a nonresident defendant only if: (1) 'the

10

defendant has purposefully availed himself or herself of forum benefits' [citation]; (2) 'the "controversy is related to or 'arises out of' [the] defendant's contacts with the forum" ' [citation]; and (3) ' "the assertion of personal jurisdiction would comport with 'fair play and substantial justice' " ' [citation]." (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269 (*Pavlovich*).)

" 'The purposeful availment inquiry . . . focuses on the defendant's intentionality. [Citation.] This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on' his contacts with the forum. [Citation.] Thus, the ' "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts [citations], or of the "unilateral activity of another party or a third person." [Citations.]' " (*Pavlovich*, *supra*, 29 Cal.4th at p. 269, quoting *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 475.)

The record supports the court's order quashing service as to defendant Hill. The evidence is uncontradicted that Hill is a Canadian resident. He lives and works, on a temporary or occasional basis, out of an office in Pittsburgh, Pennsylvania, but there is no evidence he works in California or solicits business in this state. Further, with respect to the subject transaction, it is also undisputed Mr. Kuhfal contacted Hill in Pennsylvania and requested his assistance in arranging a vessel for the shipment of iron ore between Mexico and China, with no designated ports of call in California. Hill did *not* solicit plaintiff's business in California. Hill then engaged in communications with Thorco, the company that owned the vessel, MV Sky, which defendants were attempting to secure for plaintiff's cargo. The email and phone communications were between Hill and Thorco's representatives in Texas. There is no evidence defendant Hill "purposefully and voluntarily direct[ed] his activities toward" California. (*Pavlovich*, *supra*, 29 Cal.4th at p. 269.)

The record also supports the court's order quashing service as to defendant Galaxy. It is undisputed Galaxy is a Canadian corporation, with one office in the United

11

States located in Pennsylvania.  There is no evidence Galaxy advertises or solicits business in California.  The only individual officer or employee alleged to have been involved in the subject transaction is defendant Hill whose conduct, as described above, did not involve any activities intentionally directed at California.

Plaintiff failed to produce any evidence of contacts by either defendant with the state of California, focusing instead on attempting to show that defendants defrauded and therefore intentionally caused harm to plaintiff, a California resident.  Thus, plaintiff argues jurisdiction is appropriately asserted over defendants because it was foreseeable that any wrongdoing by them with respect to the subject transaction could cause harm to a California entity.  Such foreseeability of harm, *without more*, is insufficient to support jurisdiction. (*Pavlovich*, *supra*, 29 Cal.4th at pp. 272-273.)  " '[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' [Citation.]  The knowledge that harm will likely be suffered in the forum state, 'when unaccompanied by other contacts,' is therefore 'too unfocused to justify personal jurisdiction.' [Citation.]" (*Id*. at p. 272.)

3.      **Plaintiff Has Not Shown an Abuse of Discretion Regarding the Request for Jurisdictional Discovery**

Plaintiff argues the trial court abused its discretion in denying a further continuance to complete jurisdictional discovery, including presenting a motion to compel defendant Galaxy to produce further responses.  We are not persuaded.

"A plaintiff attempting to assert jurisdiction over a nonresident defendant is entitled to an opportunity to conduct discovery of the jurisdictional facts necessary to sustain its burden of proof.  [Citation.]  In order to prevail on a motion for a continuance for jurisdictional discovery, the plaintiff should demonstrate that discovery is likely to lead to the production of evidence of facts establishing jurisdiction." (*In re Automobile Antitrust Cases I & II* (2005) 135 Cal.App.4th 100, 127; accord, *Goehring v. Superior Court* (1998) 62 Cal.App.4th 894, 911 ["A plaintiff is generally entitled to conduct

discovery with regard to a jurisdictional issue before a court rules on a motion to quash"].)

The trial court is vested with broad discretion to determine whether to grant a continuance to allow for jurisdictional discovery and such a ruling "will not be disturbed in the absence of manifest abuse." (*Beckman v. Thompson* (1992) 4 Cal.App.4th 481, 487; accord, *In re Automobile Antitrust Cases I & II*, *supra*, 135 Cal.App.4th at p. 127.)

Here, the trial court *granted* plaintiff the right to take jurisdictional discovery as to defendant Galaxy, limited to its contacts with California. Plaintiff thereafter served a vastly overbroad set of special interrogatories and requests for documents. Galaxy provided some responses to plaintiff's requests, and otherwise objected that the balance of the requests were overbroad and violated the court's discovery order. The parties met and conferred but were unable to agree on amended responses. Galaxy offered to provide supplemental responses if plaintiff served amended requests focused on any contacts Galaxy had with California. Plaintiff did not serve amended requests, and did not file a motion to compel, but filed a supplemental opposition to the motion to quash and requested a further continuance.

In arguing to the trial court, plaintiff stated only there was insufficient time to get a motion to compel on file, and that the original discovery was proper in scope because, in essence, defendants were likely to provide evasive responses to more narrow discovery in order to avoid jurisdiction. Plaintiff urged that the broad discovery, including seeking information regarding defendant Galaxy's transactions in other jurisdictions, was relevant and necessary to allow plaintiff to have the ability to determine if there was any nexus with California. Plaintiff contended that since a substantial amount of international cargo goes through California ports, it was "likely" defendants targeted California residents.

Plaintiff has failed to show the trial court abused its discretion in refusing a further continuance of the motion. Plaintiff offered only speculation about defendant Galaxy's likely contacts with California and a credibility attack on defendants as justification for its failure to serve jurisdictionally appropriate requests in accordance with the court's order. Plaintiff did not offer below, and has not shown here, any facts or proposed

discovery requests that "demonstrate that [further] discovery is likely to lead to the production of evidence of facts establishing jurisdiction." (*In re Automobile Antitrust Cases I & II*, *supra*, 135 Cal.App.4th at p. 127.)

## DISPOSITION

The court's orders quashing service and dismissing Ronald F. Hill and Galaxy Transport Corporation are affirmed. Ronald F. Hill and Galaxy Transport Corporation are awarded costs on appeal.

GRIMES, J.

We concur:

BIGELOW, P. J.

RUBIN, J.

14