Filed 2/26/16  Sikh Gurdwara-San Jose v. Khalsa CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SIKH GURDWARA-SAN JOSE, | No. H040870 |
| | (Santa Clara County |
| Plaintiff and Appellant, | Super. Ct. No. 109CV151510) |
| v. | |
| HARJOT SINGH KHALSA, | |
| Defendant and Respondent. | |

Appellant Sikh Gurdwara-San Jose, a nonprofit religious corporation (the Temple), filed a libel suit in September 2009 against Amritsar Publication and Media Group, LLC (the Newspaper).  The Temple alleged that the Newspaper published seven defamatory articles between September and October of 2008.  These articles allegedly accused the Temple's leadership of violations of the Temple's bylaws, and of mismanagement of an ongoing Temple construction project.

The complaint was amended to add four individual defendants, claiming there was a unity of interest and ownership between them and the Newspaper that, in the interests of justice, required that the four individuals be held responsible for the alleged libel.  The case proceeded to trial in January 2014 against only one defendant, Harjot Singh Khalsa (Khalsa).  In a bifurcated trial, the court rejected the Temple's alter ego claim against Khalsa.  The court filed a statement of decision confirming its finding, effectively concluding the case.

In this appeal, the Temple asserts the trial court erred by refusing to admit the deposition testimony of a nonparty, Satnam Singh Khalsa (Satnam),[1] and that this error was prejudicial. We conclude the trial court did not abuse its discretion in excluding Satnam's deposition testimony. Accordingly, we will affirm.

PROCEDURAL BACKGROUND

On September 3, 2009, the Temple filed a complaint against the Newspaper, alleging a single cause of action for libel. The Temple alleged there were a series of five articles published by the Newspaper between September 3 and September 30, 2008, and that each was defamatory on its face in that it exposed the Temple "to hatred, contempt, ridicule, and obliquy because [each] indicate[d] a lack of professional competence or integrity, corruption, and/or commission of criminal activity [*sic*]."

The superior court's docket shows a motion for leave to amend the complaint was filed December 19, 2011, and the court granted the motion by order filed April 25, 2012. The second amended complaint (Complaint) was filed on April 26, 2012. The Complaint named four individuals as Doe defendants: Khalsa, Jasjeet Singh, Daljit Singh Sra, and Jai Singh. The Complaint identified the five articles described in the original complaint, and added two articles published by the Newspaper in October 2008 as also being defamatory. The Temple alleged that Jasjeet Singh wrote four of the allegedly defamatory articles, Daljit Singh Sra wrote two of them, and that one or both wrote the seventh article. The Temple alleged further that each of the four individuals was an owner, shareholder, and member of the Newspaper, and that there was a sufficient unity of interest and ownership between the Newspaper and the four individuals such that the separate personalities of the entity and individuals no longer existed, warranting the

_____

[1] We understand that Satnam Singh Khalsa is not related to defendant Harjot Singh Khalsa. We will refer to the deponent, Satnam Singh Khalsa, by his first name to avoid confusion.

2

imposition of liability upon the individuals for the Newspaper's wrongdoing under an alter ego theory of liability.

The record reflects that defaults were taken against the Newspaper and against Jai Singh on June 1 and July 23, 2012, respectively. Requests for dismissals without prejudice were filed as to defendants Daljit Singh Sra and Jasjeet Singh on March 20 and August 19, 2013, respectively. Thus, the case proceeded to trial in January 2014 against Khalsa only. The parties waived a jury and agreed to bifurcate the trial. The court first heard evidence on whether Khalsa was legally responsible for the Newspaper's alleged libel under alter ego principles. After the Temple rested during the second day of trial, Khalsa made a motion for judgment pursuant to Code of Civil Procedure section 631.8.[2] After extensive argument, the court granted Khalsa's motion. The court entered its statement of decision on January 21, 2014.

## DISCUSSION

### I.     Appealability

The Temple appeals from the court's statement of decision. "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by . . . section 904.1. [Citations.]" (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.) "The general rule is that a statement or memorandum of decision is not appealable. [Citations.]" (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 901 (*Alan*).)

Although an appeal will generally not lie from a statement of decision (*Alan*, *supra*, 40 Cal.4th at p. 901), exceptions to that rule exist. "Reviewing courts have discretion to treat statements of decision as appealable . . . when a statement of decision

---

[2] Further statutory references are to the Code of Civil Procedure unless otherwise specified.

3

is signed and filed and . . . constitute[s] the court's final decision on the merits. [Citations.]" (*Ibid.*) Thus, where it appears a trial court's order "disposes of the entire action, the order 'may be amended so as to convert it into a judgment encompassing actual determinations of all remaining issues by the trial court or, if determinable as a matter of law, by the appellate court, and the notice of appeal may then be treated as a premature but valid appeal from the judgment.' [Citations.]" (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 700, quoting *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 740.)

The record does not reflect the entry of a judgment. But the court indicated in the statement of decision that (1) the case proceeded to trial on January 6, 2014, against Khalsa, the sole remaining defendant; (2) after the Temple completed its case in chief concerning its claim that Khalsa was liable under an alter ego theory, Khalsa made a motion for judgment pursuant to section 631.8; (3) upon concluding that none of the factors necessary to invoke alter ego liability was present, the court granted the motion for judgment, "conclud[ing] the trial in this matter" (initial capitalization and emphasis omitted); and (4) "judgment [should] be entered forthwith," with the Temple recovering nothing from Khalsa, with Khalsa being the prevailing party, and with the court retaining jurisdiction to enforce the judgment.

We conclude the substance of the statement of decision fully and finally adjudicated the rights of the parties in this action. We will therefore exercise our discretion to treat the statement of decision as the appealable final judgment. (*Pangilinan v. Palisoc* (2014) 227 Cal.App.4th 765, 769; *Morgan v. Imperial Irrigation District* (2014) 223 Cal.App.4th 892, 904.)

II.     *Standard of Review*

We review a trial court's decision to exclude evidence under the abuse of discretion standard. (*Zhou v. Unisource Worldwide, Inc.* (2007) 157 Cal.App.4th 1471,

4

1476 [abuse of discretion standard of review generally applies to trial court evidentiary rulings].)

### III. *Exclusion of Satnam's Deposition Transcript Was Proper*

The Temple argues the trial court erred in excluding Satnam's deposition testimony at trial. It contends the court erroneously applied the Evidence Code when it should have applied section 2025.620 to allow admission of the testimony. It asserts exclusion of this evidence was prejudicial because Satnam's deposition testimony, had it been considered "with the other testimony, . . . easily would have pushed a neutral factfinder toward an entirely different conclusion than was reached in the trial court."

We understand the Temple to contend the court erred by excluding Satnam's deposition testimony under two theories. First, the Temple contends the court erred by excluding the testimony of a party affiliate that was admissible under section 2025.620, subdivision (b) (§ 2025.620(b)). Second, it contends the court erred by excluding the testimony that was otherwise admissible under section 2025.620, subdivision (c) (§ 2025.620(c)), because Satnam lived more than 150 miles from trial and because the Temple made diligent but unsuccessful efforts to procure Satnam's appearance at trial. We address each contention below.

### A. Admissibility Under Section 2025.620(b)

At the outset of trial, the Temple sought to introduce excerpts from Satnam's deposition transcript. Citing section 2025.620(b), the Temple argued that Satnam was a party-affiliated witness because he was identified as a manager of the Newspaper in "papers filed with the Secretary of State." The Temple also argued "[t]hat identification of [Satnam] as [] manager was never revoked." The court denied admission of the deposition excerpts under this theory.

Section 2025.620 provides that under specified circumstances, "any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition, or who had due notice of the deposition and did not serve a valid

5

objection under Section 2025.410 . . .” (§ 2025.620.)  One such circumstance is described in section 2025.620(b):  “An adverse party may use for any purpose, a deposition of a party to the action, or of anyone who at the time of taking the deposition was an officer, director, managing agent, employee, agent, or designee under Section 2025.230 of a party.”  Thus, to admit excerpts of Satnam’s deposition transcript under section 2025.620(b), the Temple was required to show *both* that when the deposition was taken (1) Khalsa was a party who was present or represented at the deposition, or was a party who failed to serve a valid objection to the deposition notice served on him; and (2) Satnam was a party affiliate.  The Temple satisfied neither of these requirements.

On the requirement that Khalsa must be present or represented at the deposition, one treatise has observed:  “If a party was added to the case after the completion of the deposition, that deposition cannot be used against the new party.”  (Dunne on Depositions in California (2015) § 13:3, p. 469; see also *id.* at § 6:33, pp. 233-234 [advising attorneys to wait to take depositions until all parties have appeared, because “[d]eposition testimony at trial is admissible against a party only to the extent that party was present at the deposition or had notice of the deposition but did not serve a valid objection.”].)  The Complaint in which Khalsa was first named as a defendant was filed on April 26, 2012.  Satnam’s deposition was taken months earlier, on September 13, 2011.  Thus, at the time of Satnam’s deposition, Khalsa was not a “party” to the Complaint.  (§ 2025.620.)  The Temple did not dispute this fact when it attempted to introduce the deposition excerpts on the first day of trial. [3]

---

[3] The Temple argued in the trial court that although Khalsa was “not specifically named” at the time of the Satnam deposition, there were fictitious defendants alleged in the prior complaint, and the attorney representing the Newspaper ultimately was the same attorney who appeared on Khalsa’s behalf.  The Temple does not renew this argument on appeal, and it is therefore abandoned.  (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4.)

The Temple also failed to satisfy the second requirement for admissibility. Satnam was identified in the statement of information filed with the Secretary of State in 2004 as one of the Newspaper's three managers. But Satnam testified in his deposition that he had ceased working for the Newspaper in March 2010, 18 months before his deposition was taken. Furthermore, the Temple did not notice Satnam's deposition as a party affiliate (see § 2025.280, subd. (a)), but instead served Satnam with a deposition subpoena as a third party witness. Accordingly, excerpts from Satnam's deposition were inadmissible under section 2025.620(b) because he was not "at the time of taking the deposition [] an officer, director, managing agent, employee, agent, or designee under Section 2025.230 of a party."

Because the Temple did not meet either requirement under section 2025.620(b), and it needed to meet both, the court did not err in precluding the Temple from introducing excerpts of Satnam's deposition.

B.      Admissibility Under Section 2025.620(c)(2)

In the afternoon of the second day of trial on January 7, 2014, the Temple again sought to introduce excerpts from the transcript of Satnam's deposition. The Temple's counsel indicated that Satnam was unavailable to testify as a witness. Counsel presented an exhibit describing efforts by a process server to serve Satnam with a trial subpoena. The process server had commenced efforts to serve the subpoena at 3:00 p.m. on January 6 and concluded them at 9:30 a.m. on January 7. After hearing argument, the court again ruled that the deposition transcript excerpts were inadmissible.

On appeal, the Temple contends "[t]he trial court erred by forcing [the Temple] to address the strictures of the Evidence Code" in determining the admissibility of the Satnam deposition transcript excerpts, and that "the correct analysis" was one the Temple advanced under section 2025.620. The Temple asserts that the Satnam deposition excerpts were admissible under section 2025.620(c), both because Satnam resided in Los Angeles, more than 150 miles from the place of trial (see § 2025.620(c) (1)), and because

7

the Temple exercised due diligence in attempting to serve Satnam with a trial subpoena (see § 2025.620(c)(2)(E)).

The Temple is mistaken in its recitation of what transpired at trial. It was *the Temple*, not the trial court, which advanced the theory that Evidence Code section 1292, subdivision (a) applied to permit the introduction of Satnam's deposition due to his unavailability as a witness. The Temple implies in its opening brief that it advanced admissibility under section 2025.620(c). But the Temple never argued below that the excerpts of the deposition transcript were admissible because Satnam was unavailable as a witness. Rather, the Temple only asserted that the deposition excerpts were admissible under subdivision (b) because Satnam was an affiliated party. As we have discussed in section II.A., *ante*, this contention lacks merit.

Since the Temple did not argue below that Satnam's deposition testimony was admissible under section 2025.620(c), it has forfeited this issue on appeal. (*People v. Smith* (2003) 30 Cal.4th 581, 629-630 [under Evid. Code, §354, challenge to exclusion of evidence based upon theory of admissibility not raised at trial is "not cognizable on appeal"]; see also *People v. Souza* (2012) 54 Cal.4th 90, 137-138 [same].) But even if we were to consider this forfeited contention, it lacks merit.

To admit deposition testimony under subdivision (c) of section 2025.620, the party against whom the deposition testimony is to be introduced (i.e., Khalsa) must be one "who was present or represented at the taking of the deposition, or who had due notice of the deposition and did not serve a valid objection under Section 2025.410, . . ." (§ 2025.620.) As we have discussed in part II.A., *ante*, Khalsa was not such an adverse party when Satnam's deposition was taken. The excerpts from the Satnam deposition transcript were therefore inadmissible under subdivision (c) of section 2025.620.[4]

---

[4] Our conclusions that excerpts of Satnam's deposition transcript were inadmissible under both subdivisions (b) and (c) of section 2025.620 render it unnecessary for us to address the remaining arguments advanced by the Temple.

8

DISPOSITION

The judgment (the statement of decision filed January 21, 2014) is affirmed.

(*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 845, fn. 5 [appellate courts will not address issues the resolution of which is unnecessary to disposition of appeal].)

 

_____

Márquez, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Grover, J.