Filed 2/21/23  Castillo v. McCreary CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUTH CASTILLO<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DUNCAN J. McCREARY,<br><br>Objector and Appellant. | B317493<br><br>(Los Angeles County<br>Super. Ct. No. BC701497) |

APPEAL from an order of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Reversed.

McCreary and Duncan J. McCreary, in pro. per., for Objector and Appellant.

Law Offices of Gavril T. Gabriel and Gavril T. Gabriel, for Plaintiff and Respondent.

Appellant Duncan J. McCreary is the attorney for Nissani Bros. Chrysler, Chevrolet Nissani Bros., and HK Automotive, Inc. (collectively, defendants), defendants in a lawsuit brought by respondent Ruth Castillo.  After defendants repeatedly failed to appear at depositions noticed by Castillo, the trial court imposed monetary sanctions against defendants and McCreary pursuant to Code of Civil Procedure section 2025.450.[1]

We conclude that section 2025.450 did not authorize monetary sanctions against McCreary based on defendants' failures to appear at the depositions.  We therefore reverse the order imposing monetary sanctions against McCreary.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.     Initial attempts to depose defendants

Castillo filed a complaint for breach of contract and related causes of action against several car dealerships, including defendants.  At all times relevant here, McCreary represented defendants in the lawsuit.

Castillo initially noticed the depositions of defendants' persons most knowledgeable for November 6 and 7, 2019.[2]  For

---

[1]     All subsequent undesignated statutory references are to the Code of Civil Procedure.

[2]     There are some discrepancies between the dates identified in Castillo's brief and those identified in the record, but the discrepancies are not material here.  Where such discrepancies exist, we rely on the declarations filed with the trial court by Castillo's counsel on May 19, 2020, in support of Castillo's motions to compel.  We also note that Chevrolet Nissani Bros. is sometimes referred to in the record as Nissani Bros. Chevrolet.

reasons not clear from the record, Castillo's counsel took those depositions off calendar. After McCreary failed to provide available dates to schedule the depositions, Castillo filed motions to compel the depositions.

Hoping to resolve the matter informally, Castillo later took the motions off calendar and re-noticed the depositions of Nissani Bros. Chrysler and Chevrolet Nissani Bros. for December 12, 2019. But McCreary never confirmed his or his clients' availability for those dates, so Castillo took those depositions off calendar too.

Castillo re-noticed the depositions for January 23, 2020. Once again McCreary failed to confirm defendants' availability for the depositions, so once again Castillo took the depositions off calendar.

Castillo then rescheduled the depositions of Nissani Bros. Chrysler and Chevrolet Nissani Bros. for June 16, 2020, and the deposition of HK Automotive, Inc. for June 18, 2020.[3] McCreary and defendants failed to appear at those depositions.

Hence, Castillo re-noticed the depositions for June 23, 2020. Again, neither McCreary nor defendants appeared.

Finally, Castillo re-noticed the depositions for July 21, 2020, after McCreary confirmed that he and defendants were available on that date. However, McCreary emailed Castillo's

We use the former name here, which is how the trial court identifies the defendant in its sanctions order.

[3] The depositions for Nissani Bros. Chrysler and Chevrolet Nissani Bros. were initially scheduled for June 11, 2020, but at McCreary's request Castillo rescheduled the depositions to June 16, 2020.

3

counsel on the date of the depositions stating that McCreary had been "trying to confirm with" his client representatives but "[t]hey are not calling [him] back," and that McCreary was "unsure what is going on." Although McCreary appeared at the depositions, his clients did not.[4]

## II.  Motion to compel

Relying on section 2025.450, Castillo filed motions seeking to compel the deposition attendance of defendants' persons most knowledgeable and monetary sanctions against defendants and McCreary.

Nissani Bros. Chrysler and Chevrolet Nissani Bros. opposed the motions.[5] They submitted the declaration of their person most knowledgeable, who stated that she was unable to attend the depositions on July 21, 2020, "because the dealership was shut down due to an outbreak of COVID-19 amongst the employees and [she] could not access the login from [her] home."[6] They also argued that section 2025.450 did not authorize the trial court to impose monetary sanctions on McCreary based on defendants' failures to appear at the depositions.

---

[4]  The declarations submitted by Castillo's counsel in support of Castillo's motions to compel state that McCreary did not appear at the depositions. But a transcript attached to the declarations shows that McCreary did appear.

[5]  HK Automotive, Inc. did not file an opposition because it appears it was not an active corporation at the time the oppositions were due.

[6]  The oppositions did not address defendants' failure to attend the depositions scheduled for June 16, 18, and 23, 2020.

At the hearing on Castillo's motions, the trial court ordered the parties to meet and confer about scheduling the depositions and continued the hearing. At the continued hearing, the parties advised the court that they had scheduled the depositions for August 24, 2021. The court thus continued the hearing again.

On August 20, 2021, four days before the scheduled depositions, McCreary emailed Castillo's counsel and asked to reschedule the depositions because, according to McCreary, defendants' person most knowledgeable had "been rushed to the hospital due to complications with COVID-19." The depositions did not proceed on August 24, 2021.

A week later, Castillo's counsel filed a declaration stating that he had asked McCreary for evidence of the deponent's hospital admission, but that he had not received any such evidence. The next day, McCreary filed a declaration stating that the deponent was unable to attend the depositions "due [to] being in the hospital with COVID-19." McCreary attached the deponent's purported "medical records" to his declaration. Attached were two screen shots from an unidentified site providing almost no information, and which failed to clearly indicate that the deponent had been admitted to the hospital.

Following the continued hearing on Castillo's motions to compel, the trial court ordered monetary sanctions of attorney fees and costs against McCreary and defendants jointly and severally in the total amount $6,577.42.[7] The trial court's order

---

[7] The trial court ordered sanctions of $2,327.32 against HK Automotive, Inc. and McCreary; $1,898.85 against Nissani Bros Chrysler and McCreary; and $2,351.25 against Chevrolet Nissani Bros and McCreary.

does not cite any statutory or other authority in support of its imposition of sanctions.

## DISCUSSION

McCreary argues that section 2025.450, the discovery statute Castillo relied upon in seeking monetary sanctions, authorizes such sanctions only against the deponent or party affiliated with the deponent. He contends that the trial court therefore erred by imposing monetary sanctions on him for defendants' failures to appear at the depositions.[8]

Before we address the merits of McCreary's appeal, we briefly address the timeliness of his notice of appeal. Although no party raised the issue, we raised the issue sua sponte and asked for supplemental briefs. (See *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 849 ["[B]ecause the timeliness of an appeal poses a jurisdictional issue, we must raise the point sua sponte."].)

## I.     Timeliness of notice of appeal

The timeliness of McCreary's notice of appeal is governed by California Rules of Court, rule 8.104.[9] Subsection (a)(1) provides that "[u]nless a statute or rules 8.108, 8.702, or 8.712

---

[8]     McCreary further contends that the trial court erred because Castillo failed to produce evidence demonstrating McCreary had any role in defendants' failures to appear. Because we agree with McCreary that section 2025.450 did not authorize monetary sanctions against him, we do not address this argument.

[9]     All subsequent references to "Rule" are to the California Rules of Court.

6

provides otherwise, a notice of appeal must be filed on or before the earliest of: (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or (C) 180 days after entry of judgment." (Rule 8.104(a)(1)(A)–(C).) "As used in (a) . . . 'judgment' includes an appealable order if the appeal is from an appealable order." (Rule 8.104(e).) "The entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes." (Rule 8.104(c)(2).)

The appealable order here is the trial court's September 3, 2021 minute order imposing sanctions. (See § 904.1, subd. (a)(12) [authorizing appeal "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)"]; *Lindsey v. Conteh* (2017) 9 Cal.App.5th 1296, 1302.) The minute order states it is "signed and filed this date," but is not filed-endorsed.[10]

---

[10] In 2016, Rule 8.104 was amended to substitute the phrase "filed-endorsed" for "file-stamped." (See Rule 8.104, Historical Notes ["The Jan. 1, 2016 amendment, in subds. (a)(1)(A), (a)(1)(B), and (a)(3), substituted 'filed-endorsed' for 'file-stamped.' "].) In *City of Calexico v. Bergeson* (2021) 64 Cal.App.5th 180 (*Calexico*), at page 186, footnote 11, the court described a filed-endorsed minute order as follows: "The September 24 ruling that the clerk sent to the parties contains a stamp stating: 'Endorsed'; the date (Sept. 24, 2019); the trial

The minute order states, "The clerk is to give notice. [¶] Certificate of Mailing is attached." The certificate of mailing is filed-endorsed September 3, 2021, and states that the minute order was served on McCreary and Castillo's counsel on September 7, 2021.

McCreary filed his notice of appeal on December 17, 2021, more than 60 days after the trial court served the minute order, but less than 180 days after entry of the minute order. Thus, if the trial court's service of the minute order triggered Rule 8.104(a)(1)(A), McCreary's appeal is untimely. If not, McCreary's appeal is governed by Rule 8.104(a)(1)(C) and therefore timely.

Our Supreme Court has explained that, at least for some purposes, we may treat a minute order and attached certificate of mailing as a single document. (See *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905 (*Alan*).) In *Alan*, the superior court clerk mailed the parties two documents in a single envelope—a file-stamped copy of a statement of decision denying class certification, and a minute order without a file stamp which described the issuance of the statement of decision and showed the date it and the statement of decision were mailed. (*Id.* at p. 898.) *Alan* held the clerk's mailing did not trigger former Rule

---

judge's name; the clerk of court's name; and a deputy clerk's name."

In his supplemental brief, Castillo asserts the minute order is filed-endorsed because the text of the order states it is "signed and filed this date." We disagree. The minute order does not contain any file endorsement like that described in *Calexico.*

8.104(a)(1)[11] because the file-stamped statement of decision was not an appealable order, and the appealable minute order, which showed the date it was mailed, was not file-stamped. (*Id*. at pp. 901–902.)

*Alan* instructed that former Rule 8.104(a)(1) "require[s] a single document—either a 'Notice of Entry' so entitled or a file-stamped copy of the judgment or appealable order—that is sufficient in itself to satisfy all of the rule's conditions, including the requirement that the document itself show the date on which it was mailed." (*Alan*, *supra*, 40 Cal.4th at p. 905.) Relevant here, however, *Alan* further explained as follows: "[W]e see no reason why the clerk could not satisfy the single-document requirement by attaching a certificate of mailing to the file-stamped judgment or appealable order, or to a document entitled 'Notice of Entry.' Obviously a document can have multiple pages." (*Ibid*.)

Given this guidance in *Alan*, it is at least arguable that the clerk's service of the minute order together with the filed-endorsed certificate of mailing satisfied the requirements of Rule

---

[11] The former version of Rule 8.104 at issue in *Alan* has since been amended, but not in a manner that is material here. The version of Rule 8.104(a) at issue in *Alan* provided that an appeal had to be filed " '[¶] (1) 60 days after the superior court clerk mails the party filing the notice of appeal a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, showing the date either was mailed; [¶] (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (3) 180 days after entry of judgment.' " (*Alan*, *supra*, 40 Cal.4th at p. 898.)

9

8.104(a)(1)(A), thus triggering a 60-day deadline to appeal. But we are not aware of any courts to have taken that approach and we decline do so here.

Alan emphasized the " 'the well-established policy, based on the remedial character of the right to appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' " (*Alan, supra*, 40 Cal.4th at p. 901; see also *id*. at p. 902.) *Alan* further noted that this principle of construction "has led courts interpreting rule 8.104(a)(1) and its predecessors to hold that documents mailed by the clerk do not trigger the 60-day period for filing a notice of appeal unless the documents strictly comply with the rule. . . . Thus, courts have consistently held that the required 'document entitled "Notice of Entry" ' (rule 8.104(a)(1)) must bear precisely that title, and that the 'file-stamped copy of the judgment' (*ibid*.) *must truly be file stamped.*" (*Id*. at pp. 902–903, italics added; see, e.g., *MSY Trading Inc. v. Saleen Automotive, Inc.* (2020) 51 Cal.App.5th 395, 401 [180-day deadline for appeal applied where appealable order served by clerk "was neither file stamped nor entitled 'notice of entry' "]; *Bi-Coastal Payroll Services, Inc. v. California Ins. Guarantee Assn.* (2009) 174 Cal.App.4th 579, 586 [deadline to appeal not triggered by clerk's mailing of minute order that that was not entitled "Notice of Entry" and was not file-stamped].)

Here, the trial court's minute order is not "truly" filed-endorsed. (*Alan, supra*, 40 Cal.4th at p. 903.) Instead, the attached certificate of mailing is filed-endorsed. Although *Alan* held that we could treat a minute order and certificate of mailing as a single document, we conclude it did so only for purposes of satisfying the requirement in Rule 8.104(a)(1)(A) that the minute

10

order "itself show the date on which it was mailed." (*Alan*, at p. 905.) As we read *Alan*, it does not permit us to substitute a filed-endorsed certificate of mailing for a minute order that is not filed-endorsed, even if the two documents may otherwise be treated as a single document for purposes of Rule 8.104(a)(1)(A). (See *Alan,* at p. 905 [allowing clerk to "satisfy the single-document requirement by attaching a certificate of mailing *to the file-stamped judgment or appealable order*" (italics added)].) Particularly apt here, *Alan* observed that Rule 8.104(a)(1) "does not require litigants to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal." (*Alan*, at p. 905.)

We therefore conclude McCreary's appeal was governed by Rule 8.104(a)(1)(C) and is timely.

## II.    Standard of review

"We review an order imposing discovery sanctions under the abuse of discretion standard." (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422 (*New Albertsons*).) "An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice." (*Ibid*.)

"The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with the governing rules of law." (*New Albertsons*, *supra*, 168 Cal.App.4th at p. 1422.) "Thus, 'where the propriety of a discovery order turns on statutory interpretation, an appellate court may determine the issue de novo as a question of

11

law.  [Citation.]' " (*Haniff v. Superior Court* (2017) 9 Cal.App.5th 191, 198.)

When we interpret a statute, our task " 'is to determine the Legislature's intent so as to effectuate the law's purpose.  We first examine the statutory language, giving it a plain and commonsense meaning.  We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment.  If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' " (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.)

## III.  The trial court erred by sanctioning McCreary for his clients' failures to appear at the depositions

Discovery is generally governed by the Civil Discovery Act (Discovery Act).  (See § 2016.010 et seq.)  "The Discovery Act provides a self-executing process for litigants to obtain broad discovery with a minimum of judicial intervention." (*City of Los Angeles v. PricewaterhouseCoopers, LLC* (2022) 84 Cal.App.5th 466, 498 [300 Cal.Rptr.3rd 432], review granted Jan. 25, 2023, S277211 (*City of Los Angeles*).)  "To accomplish this exchange, the Discovery Act sets forth six methods of civil discovery in different chapters:  depositions, interrogatories, inspections, medical examinations, requests for admission, and exchanges of expert witness information." (*Ibid.*, citing § 2019.010.)

"Each discovery method authorizes the court to impose specific types of sanctions under specific circumstances." (*City of Los Angeles*, *supra*, 84 Cal.App.5th at p. 498, rev.gr.) "When a discovery motion is filed, the statute governing the motion generally requires that the court impose a monetary sanction against a party, person, or attorney who unsuccessfully made or opposed the motion, unless the person subject to the sanction acted with substantial justification or sanctions would be unjust under the circumstances." (*Ibid*.)

Chapter 9 of the Discovery Act addresses oral depositions. (See §§ 2025.010–2025.620.) Relevant here, section 2025.450, subdivision (a) provides, in part, "If, after service of a deposition notice, a party to the action or an officer, director, managing agent, or employee of a party, or a person designated by an organization that is a party under Section 2025.230, without having served a valid objection under Section 2025.410, fails to appear for examination . . . the party giving the notice may move for an order compelling the deponent's attendance and testimony . . . ." Subsection (g)(1) provides that if "a motion under subdivision (a) is granted, the court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) in favor of the party who noticed the deposition and *against the deponent or the party with whom the deponent is affiliated*, unless the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2025.450, subd. (g)(1), italics added.)

McCreary relies on the language italicized above in section 2025.450, subdivision (g)(1), and argues that the trial court lacked authority to impose monetary sanctions on him because of

defendants' failures to appear at the depositions.  Based on the plain language of section 2025.450, subdivision (g)(1), we agree with McCreary that defendants' failures to appear at the depositions authorized the trial court to impose monetary sanctions only "against the deponent or the party with whom the deponent is affiliated" (§ 2025.450, subd. (g)(1)), i.e., McCreary's clients.  (See *Sierra Club v. Superior Court*, *supra*, 57 Cal.4th at p. 165 [" 'We first examine the statutory language, giving it a plain and commonsense meaning.' "].)  We find nothing in section 2025.450 that authorizes a trial court to impose monetary sanctions against an attorney for a party's failure to appear at a deposition.

That omission is telling, because other provisions of the Discovery Act specifically authorize monetary sanctions against an attorney.  (See *Sierra Club v. Superior Court*, *supra*, 57 Cal.4th at p. 165 [" 'We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment.' "].)  Indeed, the Discovery Act is replete with provisions authorizing a trial court to impose monetary sanctions against a "party, person, or attorney," including sections relating to written depositions;[12] interrogatories;[13]

---

[12]    See §§ 2028.040, subd. (c) [motion to sustain objection]; 2028.050, subd. (c) [motion to overrule objection].

[13]    See §§ 2030.090, subd. (d) [motion for protective order]; 2030.290, subd. (c) [motion to compel response]; 2030.300, subd. (d) [motion to compel further response]; 2030.310, subd. (d) [motion to deem binding initial answer].

14

inspection demands;[14] physical and mental examinations;[15] requests for admission;[16] and exchanges of expert witness information.[17] Even certain provisions of the Discovery Act regarding oral depositions, such as motions to quash or for protective orders, authorize a trial court to impose monetary sanctions against a "party, person, or attorney."[18] The Discovery

[14] See §§ 2031.060, subd. (h) [motion for protective order]; 2031.300, subd. (c) [motion to compel response]; 2031.310, subd. (h) [motion to compel further response]; 2031.320, subd. (b) [motion to compel compliance].

[15] See §§ 2032.240, subd. (c) [motion to compel response]; 2032.250, subd. (b) [motion to compel compliance]; 2032.510, subd. (f) [motion for protective order]; 2032.620, subd. (b) [motion to compel delivery of medical reports]; 2032.650, subd. (b) [motion to compel delivery of previous or subsequent medical reports].

[16] See §§ 2033.080, subd. (d) [motion for protective order]; 2033.290, subd. (d) [motion to compel further response]. Monetary sanctions are also authorized against a "party or attorney, or both" in connection with a motion to deem admitted "the genuineness of any documents and the truth of any matters specified" in unanswered requests for admission. (§ 2033.280, subds. (b) & (c).)

[17] See §§ 2034.250, subd. (d) [motion for protective order]; 2034.470, subd. (g) [motion to set expert witness fee]; 2034.630 [motion to augment or amend expert witness information]; 2034.730 [motion to submit tardy expert witness information].

[18] See §§ 2025.260, subd. (d) [motion to increase travel limits for party deponent]; 2025.410, subd. (d) [motion to quash deposition notice]; 2025.420, subd. (h) [motion for protective order]; 2025.480, subd. (j) [motion to compel answers or

15

Act also authorizes a trial court to impose monetary sanctions against a "party, person, or attorney" in connection with motions to extend or reopen discovery (see § 2024.050, subd. (c)), and motions addressing certain types of discovery in civil cases alleging sexual harassment, sexual assault, or sexual battery (see § 2017.220, subd. (b)).  Finally, the Discovery Act authorizes a trial court to impose a monetary sanction "[n]otwithstanding the outcome of the particular discovery motion" against "any party or attorney who fails to confer as required."  (§ 2023.020.)

Yet, as noted above and in contrast to these provisions, section 2025.450, subdivision (g)(1) authorizes imposition of monetary sanctions against only "the deponent or the party with whom the deponent is affiliated."  Because the Discovery Act expressly authorizes a trial court to impose monetary sanctions against an attorney in some instances, we must assume the Legislature's omission of such authority in section 2025.450, subdivision (g)(1) was by design.  (See *Jarman v. HCR Manorcare, Inc.* (2020) 10 Cal.5th 375, 385 [" 'When one part of a statute contains a term or provision, the omission of that term or provision from another part of the statute indicates the Legislature intended to convey a different meaning.' "]; *Pasadena Police Officers Assn. v. City of Pasadena* (1990) 51 Cal.3d 564, 576 ["When the Legislature 'has employed a term or phrase in

_____

production]; 2025.520, subd. (h) [motion to suppress]; 2025.530, subd. (f) [same].  Monetary sanctions are also authorized against a "party, or the attorney for that party, or both" in certain instances.  (See §§ 2025.430 [failure to attend or proceed with deposition by party giving notice]; 2025.440, subd. (a) [failure to serve required deposition subpoena].)

16

one place and excluded it in another, it should not be implied where excluded.' "].)

Castillo contends that two other sections of the Discovery Act authorized the trial court's imposition of monetary sanctions against McCreary due to defendants' failures to appear at the depositions: sections 2023.010[19] and 2023.030, subdivision (a).[20]

---

[19] Section 2023.010 states in full: "Misuses of the discovery process include, but are not limited to, the following: [¶] (a) Persisting, over objection and without substantial justification, in an attempt to obtain information or materials that are outside the scope of permissible discovery. [¶] (b) Using a discovery method in a manner that does not comply with its specified procedures. [¶] (c) Employing a discovery method in a manner or to an extent that causes unwarranted annoyance, embarrassment, or oppression, or undue burden and expense. [¶] (d) Failing to respond or to submit to an authorized method of discovery. [¶] (e) Making, without substantial justification, an unmeritorious objection to discovery. [¶] (f) Making an evasive response to discovery. [¶] (g) Disobeying a court order to provide discovery. [¶] (h) Making or opposing, unsuccessfully and without substantial justification, a motion to compel or to limit discovery. [¶] (i) Failing to confer in person, by telephone, or by letter with an opposing party or attorney in a reasonable and good faith attempt to resolve informally any dispute concerning discovery, if the section governing a particular discovery motion requires the filing of a declaration stating facts showing that an attempt at informal resolution has been made."

[20] Section 2023.030, subdivision (a) states as follows: "To the extent authorized by the chapter governing any particular discovery method or any other provision of this title, the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose the following sanctions

17

We disagree. As *City of Los Angeles* recently concluded, the "plain language of the statutory scheme does not provide for monetary sanctions to be imposed based solely on the definitional provisions of sections 2023.010 or 2023.030, whether construed separately or together." (*City of Los Angeles*, *supra*, 84 Cal.App.5th at p. 475, rev.gr.)

"Section 2023.010 describes general categories of discovery misconduct, but does not contain any language that authorizes the court to impose sanctions for the conduct listed." (*City of Los Angeles*, *supra*, 84 Cal.App.5th at p. 500, rev.gr.) "Instead, each of the categories of misconduct listed in section 2023.010 are managed through the procedures set forth in the chapters governing the discovery methods, as well as the other provisions of the Discovery Act that regulate and sanction misconduct." (*Ibid*.) Castillo contends defendants' failures to attend the depositions constituted "[f]ailing to respond or to submit to an authorized method of discovery." (§ 2023.010, subd. (d).) Castillo further contends that defendants, with McCreary's assistance,

---

against anyone engaging in conduct that is a misuse of the discovery process: [¶] (a) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. The court may also impose this sanction on one unsuccessfully asserting that another has engaged in the misuse of the discovery process, or on any attorney who advised that assertion, or on both. If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

"oppos[ed], unsuccessfully and without substantial justification, a motion to compel . . . discovery." (§ 2023.010, subd. (h).) But we agree with *City of Los Angeles* that these provisions are not independent statutory authority to impose monetary sanctions. (See *City of Los Angeles*, *supra*, 84 Cal.App.5th at pp. 500–502, rev.gr.)

Similarly, "[s]ection 2023.030 authorizes a court to impose the specified types of sanctions, '[t]o the extent authorized by the chapter governing any particular discovery method or any other provision of this title,' " meaning that "the statutes governing the particular discovery methods limit the permissible sanctions to those sanctions provided under the applicable governing statutes." (*New Albertsons*, *supra*, 168 Cal.App.4th at p. 1422; *City of Los Angeles*, *supra*, 84 Cal.App.5th at p. 503, rev.gr. ["The plain language of the statute requires sanctions under section 2023.030 to be authorized by another provision of the Discovery Act."]; see also *London v. Dri-Honing Corp.* (2004) 117 Cal.App.4th 999, 1003–1006 [construing former section 2023, subdivision (b)].) Thus, because section 2025.450, subdivision (g)(1) does not authorize imposition of monetary sanctions against an attorney for a party's failure to appear at a deposition, Castillo's reliance on section 2023.030 is misplaced.

Last, Castillo cites Rule 3.1348(a),[21] but we find nothing in that rule suggesting it authorizes imposition of monetary

---

[21] Rule 3.1348(a) provides, "The court may award sanctions under the Discovery Act in favor of a party who files a motion to compel discovery, even though no opposition to the motion was filed, or opposition to the motion was withdrawn, or the requested discovery was provided to the moving party after the motion was filed."

sanctions independent of the Discovery Act. To the contrary, it provides that a "court may award sanctions *under the Discovery Act*" (Rule 3.1348(a), italics added), and, as we have already described, the Discovery Act did not authorize monetary sanctions against McCreary due to defendants' failures to appear at depositions.

## DISPOSITION

The court's order imposing monetary sanctions against McCreary is reversed. McCreary is entitled to his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.

20